[No. 1959.]

McGovney, Administratrix, v. Gwillim,
Administrator.

1. MORTGAGES—DEEDS OF TRUST—BILLS AND NOTES—SECURITY.

In Colorado the debt is the principal thing, and the security is only an
incident, whether the form of security be a mortgage or a deed of
trust.

2. LIMITATION—CONTRACTS—SPECIALTIES.

The six-year statute of limitation applies to specialties as well as to
simple contracts.

3. MORTGAGES—DEEDS OF TRUST—LIENS.

A deed of trust given as security for a debt is in legal effect but a mort-
gage and is nothing more than a lien.

4. LIMITATION—BILLS AND NOTES—MORTGAGES—DEEDS OF TRUST—
FORECLOSURE.

Where an action on a note secured by a mortgage or deed of trust is
barred by the statute of limitation, an action to foreclose the mort-
gage or deed of trust is also barred.

5. SAME—ESTATES OF DECEDENTS.

Where there was no effort to prove a claim against the estate of a de-
ceased debtor, nor to secure the permission of the county court to
foreclose within one year a deed of trust by which the debt was
secured, the fact that the holder of the note thereby lost his right
to foreclose his security, until the act of 1895 (Session Laws, 1895,
page 253) was adopted, would not stop the running of the statute of
limitation nor extend the time within which an action must be
brought to foreclose the deed of trust.

6. LIMITATION—LACHES.

The bar of the statute of limitations cannot be postponed by the negli-
gence or laches of the creditor, or by his failure to avail himself of
any means within his power to prosecute or to preserve his claim.

*Appeal from the County Court of El Paso County.*

Mr. J. C. HELM and Messrs. COLBURN, DUDLEY &
LEWIS, for appellant.

Messrs. LUNT, BROOKS & WILLCOX and Mr. J. A. BOW-
ERS, for appellee.

Wilson, P. J.

This was a suit to foreclose a deed of trust which was executed on March 28, 1889, and was given to secure the payment of a note executed on the same date, and payable one year from its date.  It was instituted by the administratrix of the holder of the note by assignment from the original payee therein and *cestui que trust* in the deed of trust. The payor of the note, and grantor in the deed of trust, died March 4, 1890.  The note matured March 28, 1890, and no payment is claimed to have been made upon it at or after its maturity.  Letters of administration upon the estate of the deceased payor of the note were issued on April 14, 1890. This suit was begun in December, 1897, more than six years after the maturity of the note.  It appearing upon the face of the pleadings that an action upon the note was barred by the statute of limitations, the question vital to this case, which is presented for determination, is, was this action also barred by reason of that fact?

The question is one of first impression in this state, and we have no statute which specially and in terms controls it.  It seems to us, however, that the spirit and general policy of our laws, as well as the decisions of our highest courts upon collateral questions which enter into and must control the answer to this main question, require that the answer should be in the affirmative.  In other jurisdictions where the question has arisen and been determined, there seems to be very considerable conflict of authority, but upon examination it will be found that this is very largely due to the difference in statutes in the various states.  It appears to be generally held by the weight of authority, that in the absence of any controlling statute, in states, where like ours the distinction between actions at law and suits in equity is done away with, and where there is but one form of action, whether the cause of action be at law or in equity; where there is no distinction between simple contracts and specialties; where the mortgage or deed of trust is security only, and does not give the

mortgagee or *cestui que trust* the present right of possession in default of payment, and where the debt evidenced by the note, if there be one, is the principal thing, and the mortgage or deed of trust is a mere incident to it, that an action to foreclose is barred when the note is barred,—that the statute of limitations applies equally to both. In Colorado, whether the form of security be a mortgage or a deed of trust, the debt is the principal thing,—the security is a mere incident. *Denver, B. & M. Co. v. McAllister*, 6 Colo: 261; *Coler v. Barth,* 24 Colo. 31, 38; *Kenney v. Bank,* 12 Colo. App. 24, 31. Both mortgages and deeds of trust being under seal, are specialties, but our six-year statute of limitations applies to specialties as well as to simple contracts. *Toothaker v. City of Boulder,* 13 Colo. 225. A deed of trust given as security for a debt is in legal effect but a mortgage. *Barth v. Deuel,* 11 Colo. 494; *Pershing v. Wolfe,* 6 Colo. App. 410. A mortgagee has a lien merely. *P. & A. V. R. R. Co. v. Beshoar,* 8 Colo. 33. In states where a mortgage is considered as a mere lien, a deed of trust is generally considered as nothing more than a lien. *Barth v. Deuel, supra.*

There is another consideration, however, which strongly sustains the views which we have expressed, and confirms the correctness of our opinion. Our statute of limitations, so far as it applies to the debt in this case, was substantially the same at the time of its adoption as the limitation statute of Illinois then was, and was presumably, like most of our earlier statutes, taken from the laws of that state. Both prior and subsequent to its enactment in Colorado, the courts of Illinois have uniformly held that it affected the mortgage security for a debt, as well as the debt itself, the latter being the principal and the former merely the incident,—that where a note for the security of which a mortgage or deed of trust was given, was barred by the statute of limitations, so that there could be no recovery thereon in an action at law, the right to foreclose the security was also barred. *Harris v. Mills,* 28 Ill. 44; *Pollock v. Maison,* 41 Ill. 516; *Medley v. Elliott,* 62 Ill. 533; *Emory v. Keighan,* 88 Ill. 482; *McMillan*

*v. McCormic*, 117 Ill. 79 ; *Schifferstein v. Allison*, 123 Ill. 665 ; *Jones v. Lander*, 21 Ill. App. 512. It is true that mortgages and deeds of trust were specifically mentioned in the limitation statutes of Illinois in 1872, but the courts held that though they were not specifically named in the limitation acts previous to that time, they were in fact included in such preceding limitation acts, as inseparable incidents to the debts named in the acts, the statute of 1872 being simply a declaration of what the law was, and had previously been. *Schifferstein v. Allison, supra ; McMillan v. McCormic, supra.* The reasoning of these decisions commends itself to us with most persuasive force, and even though our statute may not have been taken from Illinois, we can see no difference which could prevent the application to it of the construction which the Illinois courts have given to their statutes. It seems to us in accord with both law and reason that whatever infirmity affects, and whatever statute is a bar to the principal, should affect and bar the incident, which exists only by reason of it. An action to foreclose a mortgage or deed of trust is simply in effect an action to collect the debt, to secure the payment of which was the sole purpose of its execution ; and when the statute after the lapse of a certain time bars an action upon the debt for its collection, we believe it includes all actions seeking to effectuate that purpose.

There is no force in the contention that even though the doctrine which we have announced may be correct so far as concerns actions to foreclose mortgages, it cannot apply to actions to foreclose a deed of trust, as in this case, because a foreclosure of the latter could be had without suit, and because it conveys to, and vests in, the trustee, the legal title to the property. It is true that the legal title is so vested, but both the equitable title and the right to possession remain in the grantor, and no suit can be maintained to devest him of either, until both after condition broken, and a foreclosure and sale. Besides, in this instance, by the bringing of this suit, the holder of the note and of the indebtedness has elected to waive the right of sale by the trustee, which is the only

distinguishing feature between a deed of trust and a mortgage, and thereby to have the instrument treated as a mortgage. It must therefore in all respects be treated as such. The *cestui que trust* must accept the disadvantages and infirmities of the changed position, as well as the advantages and benefits. *Denver, B. & M. Co. v. McAllister, supra.*

Neither the provisions of section 4783, Mills' Ann Stats., nor of the act of 1895 amendatory thereof, can afford plaintiff relief, because there does not appear to have been any effort to prove the claim of indebtedness against the estate of the deceased debtor, nor to have secured the permission of the county court, if it were desired, to foreclose within one year. If the holder of the note lost his right to foreclose his security until the act of 1895 was adopted (Laws, 1895, p. 253), it was solely because of his own negligence, and he cannot by his own *laches* or inaction prevent the running of the statute. The bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim. *Bauserman v. Blunt,* 147 U. S. 657.

For the reasons given, the judgment will be affirmed.

*Affirmed.*

### ON PETITION FOR REHEARING.

Wilson, P. J.

In their brief supporting a petition for rehearing, counsel cite the following extract from *Longan v. Carpenter,* 1 Colo. 214: " How is it when he (the creditor), brings his action on the mortgage in a court of equity? Then the mortgage is the foundation of the suit, and the remedy sought is the foreclosure of the equity of redemption. The note is used to compute the amount; it has no other office to perform. The mortgage in one sense, and an important one too, has a character of its own. If one holds a note against which the statute of limitations has run, and also a mortgage or pledge of real or personal property to secure it, he cannot sue on the note, but

he can take and hold possession of the property, and sell it if it be personal property, with proper precautions; and if real property, he can have a bill in equity to foreclose his mortgage; and if his lien fails to pay the whole of his debt, he loses the remainder, because he can have no action upon it, although he may have proper process founded upon the debt, and security to establish his lien, and make it available in the payment of his debt. A mortgage may be enforced so long as it is available, although the debt secured by it is barred by the statute of limitations."

Chief Justice Hallett filed a vigorous dissenting opinion, but counsel say it was based upon other grounds, and does not refer to the holding of the majority in that portion of the opinion above quoted nor to the particular subject under consideration here. The case was appealed to the supreme court of the United States, and was by that court reversed, but counsel say that the reversal was not placed upon this specific ground, nor did that court in its opinion specifically discuss the question involved in this case. *Carpenter v. Longan*, 16 Wall. 271. The *Longan* case was a suit brought by an assignee of a note assigned before maturity, to foreclose a mortgage given to secure payment of the note. The payor claimed that by reason of certain equitable considerations arising from transactions between her and the original payee of the note, she was entitled to some credits, and the sole question presented to the court for determination was whether the assignee being a *bona fide* purchaser of the note without notice, and before maturity, took it and the mortgage freed and discharged from all equities and defenses that existed in favor of the mortgagor and against the mortgagee. Or as concisely stated by the federal supreme court in its opinion: " The question presented for our determination is, whether an assignee, under the circumstances of this case takes the mortgage as he takes the note, free from the objections to which it was liable in the hands of the mortgagee."

The question here presented for our determination, and upon which the majority of the territorial court expressed its

opinion in the extract above quoted, did not arise at all. It was not involved in the decision of the case before it, either directly or remotely. It may be said, however, that it should not be entirely rejected as *obiter*, because certain fundamental principles were necessarily involved in the decision of that case which are the same as in this, and that the reasoning of the court should have weight, even though it went to the extent of apparently expressly deciding a point which was not before it. Conceding the force of the suggestion as to this particular case, we will briefly consider it.

The ground upon which the court based its opinion or *dictum* with reference to the question here presented was that the note and mortgage were separate and distinct instruments, having separate, distinct and independent characters, and that the latter was not assignable at law. The court said, quoting with approval an opinion in an old Illinois case, " He who holds a note and also a mortgage, holds in fact two instruments for the security of the debt; first, the note with its personal security, which is commercial paper, and as such may be enforced in the courts of law, with all the rights incident to such paper ; and the other, the mortgage with security on land, which may be enforced in the courts of equity, and is subject to the equities existing between the parties." The court further said : " But it may be urged that the mortgage is accessory to the note, that it is attached to, and being so attached it is, and must remain, inseparable. This is true as long as both instruments remain in the hands of the mortgagor. But when he assigns the note, there is in law a separation. The assignee can take his note into a court of law and recover a judgment upon it, but he cannot take the mortgage there ; he cannot claim the benefit of it there. He is confined simply to his remedy on the note. Whatever judgment he recovers is purely a personal one. He will not be heard to say that the maker of the note pledged a special fund, out of which the debt must be satisfied. The court could reply, and with reason, whatever your rights may be in equity, there is no law authorizing your assignor to transfer to you the

mortgage. It does not follow you into this court." This immediately precedes that portion of the opinion which we have quoted, and which refers to the point here in issue. The court further says in another part of the opinion, as if to emphasize this position, " Does not this indicate that the mortgage and the instrument which it secures have separate and independent characters ? " On page 211 the opinion further says, " He who buys that which is not assignable at law, relying upon a court of chancery to protect and enforce his rights, takes it subject to all infirmities to which it is liable in the hands of the assignor, and the reason is that equity will not lend itself to deprive a party of a right which the law has secured, if such right is intrinsically just in itself."

The dissenting opinion of Judge Hallett vigorously attacks the principles here enunciated by the majority of the court, and which were absolutely necessary to sustain, if it could be sustained at all, the *dictum* of the court upon the question we have under consideration. On page 220, he said: " To the same effect are all the authorities, and no one can now be found to question the doctrine that a mortgage is a mere incident to the indebtedness it is intended to secure, inseparable from it and incapable of existence without it. It is a truism of the law that a mortgage is a security for indebtedness accompanying the latter through all hands, and ultimately sharing the same fate."

Again, on page 222, " The debt is the principal thing, the mortgage the incident, the transfer of the debt carries with it the mortgage." Again, on page 224, " Where the indebtedness is evidenced by a separate instrument, a court of equity is as much bound to give effect to that instrument as to the mortgage. * * * It is impossible to say that there is anything due upon the mortgage disconnected from the note, for the reason that the note alone determines the amount of the indebtedness."

The opinion of the United States supreme court,—a unanimous one, by the way,—sustaining the position of Judge Hallett, went to the heart of the matter in plain and concise

language. It said : " The note and mortgage are inseparable, the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." Again, on page 275, " All the authorities agree that the debt is the principal thing, and the mortgage an accessory. * * * The mortgage can have no separate existence." It seems to us clear and indisputable that the federal court expressly overruled and reversed the majority of the territorial court in its enunciation of certain principles which are absolutely essential to sustain the opinion of the territorial court upon the question whether the bar of the statue of limitations which had arisen against an indebtedness would be also effective against the mortgage given to secure it.

In *Kennicott v. The Supervisors*, 16 Wall. 469, the supreme court of the United States, citing and reaffirming *Longan v. Carpenter*, said it had been decided in the latter case " that where a note secured by a mortgage is transferred to a *bona fide* holder for value before maturity, and a bill is filed to foreclose the mortgage, no other or further defenses are allowed as against the mortgage than would be allowed were the action brought in a court of law upon the note." This being true, does it not follow as a corollary to the proposition that such defenses as might be interposed in a suit at law upon the note would be allowed and be of at least equal force in an action to foreclose the mortgage, which was a mere incident to the debt evidenced by the note ?

Besides, there have been repeated decisions by our supreme court since Colorado became a state, and adopted a code, which are in accordance with the reasoning of the United States supreme court in *Longan v. Carpenter*, and are in direct conflict with that of the territorial court in the same case. In addition to those cited in our original opinion, we give a few others. *Fassett v. Mulock*, 5 Colo. 466 ; *Barth v. Deuel*, 11 Colo. 494.

In *Coler v. Barth*, 24 Colo. 31, 38, the court said, " It is stated as a general rule, and it is unquestionably correct, that

a note secured by a mortgage, or a deed of trust in the nature of a mortgage, is the principal thing, and the security but an incident." ․

In *Fassett v. Mulock:* "It is a familar principle that a mortgage is but an incident of the debt it secures and an assignment of the debt carries the mortgage with it."

The legal principles involved in the determination of the question before us are ably and fully discussed in the opinions in two California cases, both of which were rendered by the distinguished Chief Justice, Stephen J. Field. *Nagle v. Macy,* 9 Cal. 426; *Lord v. Morris,* 18 Cal. 484. His reasoning and conclusions are in accord with the trend of the decisions of the appellate courts of this state, and with the supreme court of the United States in the case cited, as to the principles involved. He shows that the decisions in the other jurisdictions holding that even though the limitation bar was complete against the debt, yet it could not avail to defeat a foreclosure of the mortgage, rested upon a doctrine with respect to mortgages which was adhered to in those states, but which was entirely different from that held in California. That which these opinions declare to be the California doctrine has been and is the doctrine held in this state, namely, that a mortgage is regarded between the parties, as well with reference to the rights of the mortgagee and his dealings with other persons, as a mere security, creating a lien or charge upon the property. We cite also to the same effect, *Schmucker v. Sibert,* 18 Kan. 105, where the opinion was written by Judge Brewer.

We see nothing in the able brief of counsel to shake our conclusions, and the petition for rehearing will be denied.