[No. 4794.]

SARTOR ET AL. v. WELLS ET AL.

1. **Appellate Practice—Refusal of Motion for Judgment on Plead ings—Harmless Error.**

Where, in an action to quiet title, a decree was entered quieting such title, subject only to a deed of trust which the court correctly found was a valid lien on the property, plaintiffs were not prejudiced by the court's refusal to render judgment in their favor on the pleadings, since the decree gave them all they were entitled to.—P. 88.

2. **Appellate Practice—Rulings of Trial Court—No Exceptions Saved.**

The refusal of a trial court to render a decree upon the pleadings, will not be reviewed on appeal where it does not appear that any exceptions were made or preserved to such rulings.—P. 88.

3. **Trust Deeds—Cancellation—Limitation of Actions—Evidence —Undated Payments—Admissibility.**

In an action to cancel a promissory note and the trust deed securing the same on the ground that the former was barred by the statute of limitations, defendant claimed that there had been an absolute promise to pay the debt within less than six years prior to the beginning of the action, and also that the equitable mortgagee under the trust deed, at and long after the time of the alleged bar, was in possession of the property with the acquiescence and consent of the mortgagor, plaintiff, and was applying the rents and profits to the liquidation of the debt. Held, that the note, though showing that the action was brought more than six years after the debt matured, and bearing indorsements which failed to show when and by whom the payments were made, was admissible for the purpose of showing the balance due on the note in case the findings were in favor of such affirmative defenses, even though it was incompetent to show that the statute of limitations had been suspended by such indorsements.—P. 89.

4. **Appellate Practice—Limitation of Actions—New Promise— Conflicting Evidence—Findings Not' Disturbed on Appeal.**

Conflicting evidence reviewed and held to sustain a finding that a new promise had been made to pay a promissory note within six years prior to the bringing of the action, and that the claim was therefore not barred.—P. 90.

5. **Limitation of Actions— New Promise — Parol Evidence to Establish.**

Parol evidence has always been considered competent and admissible in this state to prove a new promise, except during the time that the law of 1876 (Sess. Laws '76, p. 91) was in force, requiring such promise to be in writing; and this statute was repealed in 1877 (Genl. Laws '77, p. 88).—P. 90.

6. **Witnesses—Competency—Party Testifying when Opponent is an Administrator.**

In an action against an administrator to quiet title, and to cancel a note and trust deed securing the same upon the ground that the former is barred by the statute of limitations, the makers of the note are prohibited from testifying by § 4816, Mills' Ann. Stats.—P. 91.

*Error to the District Court of Fremont County.*
*Hon. M. S. Bailey, Judge.*

Action by Augustus Sartor and Mary E. Sartor against Celia Wells, J. L. Prentiss, trustee, F. A.

Reynolds, administrator with will annexed of the estate of Thomas S. Wells, deceased, Sarah E. Hall, George I. Wells and Clara E. Wells. From a decree quieting complainant's title, but directing foreclosure of a deed of trust against the property in controversy, plaintiffs bring error. *Affirmed.*

Messrs. TAYLOR & COOPER, for plaintiffs in error.

Mr. CHARLES E. WALDO and Mr. CLYDE C. DAWSON, for defendants in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiffs in error, plaintiffs below, included in their complaint two causes of action: (1) To quiet title to real estate; (2) to have canceled their joint promissory note for $7,000 given to T. S. Wells, and also a trust deed upon the same property, which was owned by plaintiff Augustus Sartor, given as security for the note, and the cloud cast thereby removed, on the ground that the note was barred by the six years statute of limitations, and that the trust deed, being merely a security for, or incident of, the debt, could not be foreclosed in equity.

In the answer to the first cause of action, defendants disclaimed any interest or estate in the property adverse to that of the plaintiffs; but, on the contrary, claimed under a trust deed from plaintiffs, which they asserted was a lien thereon. To the second cause of action, the answer contained several defenses: a denial that the note was barred by the statute; and two affirmative defenses, one a new promise to pay, the other that Wells the payee, as mortgagee, with the acquiescence, knowledge and consent of the plaintiffs, was in actual possession of the premises before and after the time of the alleged bar, and until a short time before this action was instituted, and, as

such mortgagee in possession, collected rents and applied them as payments on the note. Defendants asked for a dismissal of the action, or in the alternative, if the court deemed such relief proper, prayed for an accounting and a decree authorizing a foreclosure of the trust deed to pay the balance due on the note.

The affirmative matter of the answer being put in issue by the replication, there was a trial to the court without a jury resulting in findings in favor of defendants on the controverted issues of fact, on which a decree was entered quieting title in plaintiffs to the property; subject, however, to the lien of the trust deed securing the balance of the indebtedness which the court ascertained on an accounting had. Instead of permitting the trustee under the trust deed to foreclose under the power of sale contained in that instrument, the court decreed a judicial foreclosure under appropriate issues in the pending action, and ordered the sheriff to sell the property and pay the balance thus ascertained, if within a certain time plaintiffs did not pay the same, to the administrator of the payee of the note, who was sued as his legal representative, or to the clerk of the court for the administrator. The plaintiffs bring the case here by error, and the controversy now is practically between them and the administrator. We consider only the substantial assignments of error argued by plaintiffs in error.

1. Their first point is that the court erred in not sustaining their demurrer to the answer to the first cause of action and their motion for judgment on the pleadings. Under the law of this state in an action to quiet title, before the defendant can put plaintiff upon his proofs, he must come in and assert the adverse title which he claims in the property. Since in this action defendants disclaimed title hos-

tile to plaintiffs, the latter say their demurrer and motion to this cause of action should have been sustained.

Whatever merit there may be in this contention as an abstract proposition, it is not applicable to this case, and plaintiffs suffered no prejudice by the rulings complained of. For by the decree of the court their title was quieted, subject only to the lien of the trust deed; and if, as we shall hereafter see is true, the court correctly found that the trust deed constituted a valid lien, plaintiffs by the decree got all that they were entitled to. Aside from this, it does not appear that any exceptions were made or preserved to these particular rulings. In thus disposing of this objection, we disregard the suggestion of defendants in error that an action to quiet title does not lie under the facts of this case. The present exigencies do not call for an expression of opinion concerning it.

2. The note upon its face shows that this action was brought more than six years after the maturity of the debt, and to remove the bar of the statute defendants pleaded, and the court so found upon conflicting evidence, that an absolute, fulfilled conditional, promise to pay the debt was made within a period of less than six years prior to the beginning of this suit, and that the equitable mortgagee under the trust deed, at and long after the time of the alleged bar, was in possession of the property with the acquiescence and consent of the mortgagor plaintiff, applying the rents and profits of the property to the liquidation of the debt.

It is not denied, indeed it is virtually conceded in argument, by plaintiffs in error, that if both, or either, of these affirmative defenses are sustained by the evidence, the decree is right. They strenuously insist, however, that the evidence is insufficient to

support the findings, and the court erred in the admission and rejection of testimony. It is said that the court improperly admitted the note in evidence with the indorsements made thereon. There was no date to these indorsements, and nothing on the face of the instrument to show when, or by whom, the payments were made, and the plaintiffs say that such indorsements, standing alone, cannot be considered in evidence at all; and, further, that there is nothing in the proof to show that they were not voluntarily made by the payee himself without the knowledge or consent of the makers, and at a time when it was clearly to his interest to stop the running of the statute.

It appears from the record, not however in the abstract prepared by plaintiffs in error, but in the supplemental abstract filed by defendants in error, that in admitting the note with these indorsements the court did so for the sole purpose of showing the application of rental payments on the premises in question on the note by Wells, the payee, in his lifetime, without reference to the time when they were made, and expressly said that the indorsements in and of themselves alone, had they been made independently of the possession of the mortgagee, would have had no effect whatever to stop or interfere with the running of the statute of limitations. It clearly appears that the theory upon which the indorsements were considered material was that they might be taken into consideration in ascertaining the amount of the payments that were made to assist the court in arriving at the balance due upon the note, in case the finding should be in favor of the defendants upon the affirmative defenses. In view of the fact that the court's findings were in favor of the defendants on these issues, there was no error in the admission of this evidence.

The evidence was conflicting as to the new promise to pay, but the court, having seen and heard the witnesses as they testified, passed upon their credibility and found in favor of those for the defendants. One witness for the defendants testified that he was present when plaintiff Augustus Sartor, maker of the note and owner of the lands, in referring to this particular indebtedness, unqualifiedly acknowledged the same, and expressly promised Wells, payee, to pay it if time was given. Other evidence clearly shows that time was given, and there was made no attempt during Wells' lifetime to enforce payment. It is a circumstance worthy of consideration that plaintiffs made no attempt whatever to clear the alleged cloud upon their title during Wells' lifetime, though he did not die until about three years after the time when it is said the statute barred a recovery. It is also significant that about one month after the death of the payee this, or a similar, action was begun.

3. There is nothing in the point that parol evidence is incompetent to establish the new promise. Such evidence has always been considered competent and admissible in this state except during the time that the law of 1876 was in force requiring such promise to be in writing. That statute, however, was repealed in 1877.—Laws of 1876, p. 91; General Laws 1877, p. 988.

4. The evidence is also sufficient to establish the other affirmative defense that the mortgagee was, as alleged, in possession with the knowledge and acquiescence of the mortgagor, and applied the rents and profits upon the debt with the mortgagor's consent. The testimony, it is true, upon both these defenses is largely circumstantial; but considering the fact that the payee of the note is dead, and plaintiffs are not permitted under our statute to testify,

the proof is as explicit and full as could be expected.

5. There is an additional point made that the court erred in refusing to permit plaintiffs, makers of the note, to testify. There is no merit in this. The administrator of the payee of the note was a party defendant, and plaintiffs have not brought themselves within any of the exceptions of section 4816, Mills' Ann. Stats., which, when present, permit a party to a suit to testify when his opponent sues or defends as an administrator.

6. Defendants in error deem it unnecessary to question the decision of our court of appeals in *McGovney v. Gwillim,* 16 Colo. App. 284, to the effect that where an action on a note secured by a mortgage or deed of trust is barred by a statute of limitation, an action to foreclose the mortgage or deed of trust is also barred. They say that decision is not applicable or controlling here: first, because a new promise to pay made within the period of six years prior to the beginning of the action was established; second, this is not an action to foreclose a trust deed, but it is, so far as plaintiffs are concerned, one in which they seek affirmative relief, and consequently must do equity by paying the debt before they can get the relief they ask for; third, that the decision referred to is not applicable to a power of sale under a trust deed.

In the view we have taken that the affirmative defenses of the answer were established, it is wholly unnecessary for us to enter upon an investigation of the questions passed upon by our court of appeals in the case cited.

The judgment of the district court is right, and should be affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.