[No. 5253.]
[No. 2878 C. A.]

## MEDINA v. PHELPS, AS TRUSTEE, ET AL.

**Limitation of Actions—Deed of Trust—Note Barred—Conveyance
of Premises—Acknowledgment of Indebtedness by Grantee.**

A promissory note not yet due, secured by trust deed duly
recorded, was still unpaid when the premises were conveyed, in
1892, by warranty deed, to M., "subject to the deed of trust."
At various times thereafter, M. paid different amounts on the
principal, and also paid the interest up to January, 1902, within
four months of the time this writ of injunction was sued out
by his grantee, to restrain the sale of the premises for the pur-
pose of paying the balance of the indebtedness. In 1896, M.
executed a mortgage on the property, "subject to the deed of
trust," and, in 1902, but less than six years from the date of
such mortgage, M. conveyed the property to the plaintiff in the
injunction suit by warranty deed, which contained no reference
to the deed of trust. The note secured by such deed contained
an indorsement that the time of payment was extended two
years from December, 1895, and that the interest was reduced
to 7 per cent. That extension was made subject to the con-
ditions mentioned in the deed of trust, and M. paid the interest
from such date at the reduced rate. There was no agreement
or new promise made to pay the indebtedness by any one in
such way as to make them personally liable. Held, that the acts
of M. constitute an admission that the land is subject to the
deed of trust, and constitutes an engagement for the satisfac-
tion of the balance of the note secured thereby out of the mort-
gaged premises, and operate to suspend the running of the stat-
ute of limitations against proceedings to foreclose the deed of
trust; and that his grantee, with constructive notice of such
facts by the records, is in no better position than M., and his
injunction suit was properly dismissed.—P. 98.

*Appeal from the District Court of Arapahoe County.
Hon. Booth M. Malone, Judge.*

Action by F. J. Medina against Alfred C.
Phelps, as trustee, etc., The Denver Insurance Com-
pany and Lizzie Connelly. From a judgment in
favor of defendants, plaintiff appeals. *Affirmed.*

Mr. GEORGE W. TAYLOR, for appellant.

Messrs. BENEDICT & PHELPS, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

April 28, 1902, plaintiff sued out a writ of injunction to restrain the sale of certain real estate, described in his complaint, under a deed of trust with power of sale which had been executed by one Davis to Phelps, as trustee, to secure a note given by Davis to the Denver Insurance Company, of date July 1, 1889, payable three years after date, for two thousand dollars, with interest at 8 per cent. per annum, payable semi-annually.

Upon the trial, the court found that no equity in favor of complainant had been shown and, with the consent of the parties, also found the amount of taxes paid by the owner of the note, which by the terms of the deed of trust were made a lien upon the property. The decree dismissed the bill at the plaintiff's costs. To reverse the judgment, alleged irregularities in the notice of sale, and the statute of limitations, are relied upon.

Upon the record presented here, the only question which will be considered and determined is that based upon the statute of limitations, for the reason, that the pleadings and the admissions of the parties at the trial, warrant the decree, and there is sufficient evidence in the record to sustain the findings of the court, upon which the decree is based. The adjudication of costs against the plaintiff is without error, such matters resting largely in the discretion of the trial court.

Upon the record the case stands thus: The deed of trust herein involved was of record and unreleased; March 5, 1892, before the maturity of the note, Mitchell acquired title to the property by a

warranty deed "subject to the deed of trust"; at various times thereafter Mitchell paid upon the principal of the note $1,100.00, and the interest thereon, up to January 1, 1902, within four months of the date when this suit was commenced; April 1, 1896, Mitchell executed a mortgage upon the property to one Charlton to secure $2,000.00 "subject to the deed of trust"; February 14, 1902, less than six years from the date of the mortgage last mentioned, Mitchell conveyed the property to appellant by a warranty deed containing no reference to the deed of trust; Mitchell testified: "I simply let the note run, and whenever they wasn't satisfied I told them that I had paid the interest on it, and whenever I quit paying the interest on it, the property was there, and I presumed the mortgage could be foreclosed." This witness also testified that he never in any way assumed or agreed to pay the unpaid balance upon the note. The note which was introduced in evidence showed by indorsement thereon that the time of payment was extended two years from December 10, 1895, and the rate of interest reduced to 7 per cent., since which date the interest was paid by Mitchell at the reduced rate. This extension of time was made subject to the conditions mentioned in the deed of trust.

Appellant testified that he did not have the title to the property examined previous to the purchase; that he paid for the property by giving a mortgage on it to one Allen, whose whereabouts he did not know; that he did not know the street number of the property and had never seen it; knew nothing about the improvements upon the property except what Mitchell had told him; that Mitchell collected the rent; that he gave his deed to Mitchell to have it recorded.

The attempted sale under the deed of trust was for the purpose of satisfying the unpaid balance of

the note, and certain amounts paid by the owner of the note for the redemption of the property from tax sales and delinquent taxes, about which there was some controversy, the amount of which payments was a lien upon the property by virtue of the terms of the deed of trust. The amount so paid was determined by the court, and is admitted by appellant.

The following propositions are admitted by appellees:

1. That as to the maker of the note, a right of action against her was barred at the time of the institution of proceedings to sell the property.

2. That none of the subsequent owners of the property ever assumed or agreed to pay the indebtedness in such way as to make them personally liable therefor.

3. That in proper cases, the grantee of an equity of redemption can take advantage of the statute of limitations.

4. That there is nothing which can be called a new promise to pay the note in question, in the sense of making any one liable to a personal action for the recovery of the amount due thereon.

It follows, that the only question to be disposed of under the facts of this case is: Can a sale under the deed of trust be executed, although a right of action on the note secured by the deed of trust is barred by the statute of limitations?

In support of a negative answer to this question, appellant relies upon *McGovney v. Gwillim*, 16 Colo. App. 284, where it was held, that an action to foreclose a mortgage or deed of trust is barred by the statute of limitations, when an action on the note is barred, to secure the payment of which the mortgage or deed of trust was given. The *McGovney-Gwillim case* is distinguishable from the case at bar.

In that case, there is nothing in the record to show an intention upon the part of anyone to keep the lien of the deed of trust alive so as to make it a charge upon the property to the extent of paying the unpaid balance of the note.

In the case at bar, the deed to Mitchell, appellant's grantor, and the mortgage made by Mitchell to Charlton, above referred to, were both "subject to the deed of trust," and both were of record, so that appellant had constructive notice that his grantor had acknowledged the validity of the deed of trust within six years of the date of the deed under which he claims title.

It is beyond dispute that it was the intention of Mitchell that the lien of the deed of trust was to be kept alive for the purpose of securing the payment of the unpaid balance of the note.

The recital in the deed to Mitchell that it was "subject to the deed of trust," his payments upon the principal of the note and the interest to January 1, 1902, his securing an extension of the note and reduction of the interest and profiting by such reduction, the mortgage to Charlton, and his testimony hereinbefore set forth, clearly establish this fact. Appellant, with constructive notice of the existence and validity of the deed of trust by the record and the record of the Charlton mortgage and by the acts of his grantor, succeeds to the estate, sits in the seat of his grantor, and takes subject to the incumbrance.

In *Perkins v. Adams,* 16 Colo. App. 96, 100, it is said:

"A purchaser of land, or one asserting an interest in or claim upon it, is presumed to have notice of everything which the record discloses concerning the title; and if in a deed which constitutes a link in a chain of title, there is a recital, or an inference, or a word, which is not self-explanatory, but which

indicates the existence of some condition by which the title may be affected, he is bound to follow up the clue by investigation; and he will be charged with knowledge of the facts to which it points, whether he makes the investigation or not. No doctrine is more thoroughly established than this, that what is enough to put a purchaser on inquiry, is equivalent to actual notice, and that when he has information sufficient to lead him to a fact, he will be presumed to know it.''

Under the above authority and in the view taken of this case, appellant stands in no better position than Mitchell would have stood in, had he been the plaintiff.

It is settled in this state that the grantee who accepts a deed containing a clause whereby he assumes and agrees to pay such mortgage indebtedness, becomes personally liable to the grantor for the indebtedness secured by the mortgage, and that the assignee of the note secured by the mortgage may maintain an action thereon against such grantee.— *Starbird v. Cranston,* 24 Colo. 20.

The supreme Court of Kansas maintains the doctrine announced by our court of appeals in *McGovney v. Gwillim, supra,* namely, that when an action on a note is barred, an action to foreclose the mortgage is barred.

In *Schmucker v. Sibert,* 18 Kan. 104, 112, in announcing the doctrine of the *Starbird-Cranston case,* Mr. Justice Brewer, in ruling an additional point in the case, said:

''Upon the same principle, and by the same reasoning, it would seem to be clear that, where the deed specifies that it is made subject to a certain mortgage, an acceptance of a deed is an undertaking that, to the extent at least of the value of the granted premises, the grantee shall pay the mortgage. Or in

other words, it is an agreement by the grantee that the granted premises shall be used so far as may be necessary to discharge and pay the mortgage.''

In *McLane v. Allison,* 60 Kan. 441, the conveyances under consideration were not made subject to the mortgage, but contained a covenant that the premises were free from incumbrances ''except a mortgage of five hundred dollars'' and ''except mortgages and taxes.'' After quoting the rule announced in *Schmucker v. Sibert, supra,* the court said, page 444:

''Had the conveyances in this case been made 'subject to mortgage,' the rule above quoted would be applicable and would be decisive against the defendant in error. However, as before stated, the conveyances were not made subject to the mortgage, but nevertheless, as we think, the payments of interest made by the grantees, Anderson and Docking, were a recognition of the fact that the land was subject to the mortgage and constituted an engagement upon their part to hold the land subject to the mortgage lien. The existence of the mortgage was recited in both deeds and also in the mortgage of Anderson to the loan and building association, Docking's *cestui que trust,* and these instruments were all of record. Docking and the loan and building association were chargeable with knowledge of the fact that Anderson had recognized the land as subject to the mortgage by continuing interest payments upon it after, as well as before, action upon the note which it secured had become barred, and with like knowledge that such action was barred they also recognized the validity of the mortgage as a lien upon the land by making an interest payment upon it.''

We believe that the acts of Mitchell, appellant's grantor, constitute an admission that the land is subject to the deed of trust, and an engagement for the

satisfaction of the balance of the note secured thereby out of the mortgaged premises, and operate to suspend the running of the statute of limitations against proceedings ·to foreclose the deed of trust, and that under the facts of the case, appellant stands in no better position than Mitchell, and that the judgment should be affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.          ·  _____