[No. 7474.]

## EMPIRE RANCH & CATTLE CO. v. ZEHR.

LIMITATIONS—*Section 4073 of the Revised Statutes,* applies to personal actions only and is no bar to a bill to remove a specific cloud upon the title to land*.

*Appeal from Washington District Court.*—Hon. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Messrs. MUNSON & MUNSON, for appellee.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. This action was commenced by the patent owner to quiet his title against a tax deed, each party claiming title in fee simple. Defendant's adverse claim was a tax deed, void on its face. It was admitted on the trial that the land was patented to the plaintiff. Defendant in support of its title relied upon and offered in evidence a tax deed, which the court excluded because it was void upon its face, and, defendant offering no further evidence, entered judgment for the plaintiff.

2. Defendant pleaded the five years' equity statute of limitations, which in part is as follows:

"Bills of relief * * * in all other cases not herein provided for, shall be filed within five years after the cause thereof shall accrue, and not after."—Sec. 4073, Rev. Stats., 1908.

The "other cases" therein provided for, are: "Bills for relief on the ground of fraud," and "The existence of a trust not cognizable by the courts of common law."

While the tax deed was not admitted in evidence, the pleadings admitted it was recorded January 5, 1903, and the

*Syllabus by Garrigues, J.

complaint was filed December 28, 1908. Defendant's contention is, that as soon as the tax deed was recorded, it became a cloud on plaintiff's title; that his cause of action then accrued; that this is a bill for relief to remove the cloud, and in as much as it was not brought until almost six years after the cause of action accrued, that it is barred by this statute.

There is no doubt if the tax deed was a cloud upon plaintiff's title, that the cause of action to quiet it accrued as soon as it was filed for record, and, as the suit was not brought until almost six years thereafter, the action was barred if the statute applies to a case of this kind; but the case of *Munson v. Marks*, 52 Colo. 553; 124 Pac. 187, is decisive of the question. It is there held that this statute is a limitation upon personal actions only, and was never intended to apply to actions affecting real estate. The judgment will therefore be affirmed.       *Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.