[No. 3907.]

## Rowe v. Mulvane.

1. Deed of Trust—*Limitation.* Proceedings for the sale of lands under powers contained in a deed of trust are not an action, and are not barred by Rev. Stat., sec. 4061. Otherwise as to an action to foreclose, where an action at law is barred.

So of an equitable action for the appointment of a substitute trustee, to the end that such substitute may proceed under the power.

If such action can be regarded as otherwise than a bill of foreclosure it is within Rev. Stat., secs. 4070, 4071, 4073.

2. LIMITATIONS—*Express Trust.* The rule that the statute of limitations does not run against an express trust ordinarily applies only between the trustee and the beneficiary. It has no application to a bill to foreclose a mortgage, nor to a bill for the appointment of a substitute trustee under a deed of trust.

*Error to Prowers District Court.* HON. HENRY HUNTER, Judge.

Messrs. MERRILL & McCARTY for plaintiff in error.

Mr. H. L. LUBERS for defendant in error.

KING, J., delivered the opinion of the court.

March 2, 1910, defendant in error, as plaintiff, filed his complaint, in the nature of a bill in equity, in which the relief prayed for was that an accounting be had to find the amount due upon a certain promissory note, and that the court appoint a substitute trustee with power to perform the duties imposed and exercise the powers and authority conferred by a certain deed of trust, to the end that the said substituted trustee proceed under the terms and provisions of said deed of trust to make sale of the property described therein, in order to make collection in full of the principal and interest of said note, with costs of foreclosure.

The relief prayed for was predicated upon allegations in substance as follows: That some years prior to his death, defendant's husband, her grantor, had executed a promissory note for the principal sum of $425, payable November 1, 1893, with interest, and, to secure the payment of said indebtedness, executed a certain deed of trust, covering certain lands in Bent county, in which deed The Colorado Loan & Trust Company (a Colorado

corporation), was trustee, and the acting sheriff of Arapahoe county, Colorado, was successor in trust, and the place of sale, in case of foreclosure, was the Tremont street door of the court house in said county of Arapahoe; that the principal of said note had not been paid, nor any interest, since the maturity of said note; that the corporate life of the primary trustee had expired by limitation, whereby it was unable to execute the powers conferred upon it by said deed of trust, and that by an amendment to the constitution of Colorado, whereby the county of Arapahoe was abolished and the City and County of Denver established, the successor in trust named therein was disqualified, and unable to exercise the powers conferred by said deed of trust; that there is no longer a place designated as "the Tremont street door of the court house in the county of Arapahoe, state of Colorado."

As a defense to the foregoing complaint, defendant pleaded, first, that the cause of action mentioned in the complaint did not accrue within six years, and, second, that said cause of action did not accrue within five years, before the commencement of this action. Upon motion of the plaintiff, the court rendered judgment on the pleadings in his favor, by which it was ordered and decreed:

"That Hamilton Armstrong, present acting sheriff of the City and County of Denver, Colorado, is hereby appointed substitute trustee for the purpose of carrying out all of the objects and purposes of said trust, by advertising for sale the property according to the tenor and effect of the authority of said deed of trust conferred on said trustee; and that the sale shall be noticed to take place at the Tremont street door of the court house in the City and County of Denver, Colorado."

## I.

The question presented for determination is whether the action brought by plaintiff was barred by the provisions of the two statutes of limitation pleaded, or either of them, it being conceded by the motion for judgment on the pleadings that the action was brought more than six years after the cause of action accrued.

It is settled law in this state that the six years' statute of limitations does not operate as a bar to proceedings for the foreclosure of a deed of trust, when foreclosure is made by advertisement and sale by the trustee named in the deed of trust, without the aid or intervention of a court proceeding; that such proceedings are not an "action" within the provisions of our statute, which reads:

"The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards."—Section 4061, Rev. Stats. 1908; section 4627, Mills' Ann. Stats. 1912.

*Holmquist v. Gilbert,* 41 Colo., 113, 92 Pac., 232; *Foot v. Burr,* 41 Colo., 192, 92 Pac., 236, 13 L. R. A. (N. S.), 1210.

It is also settled law in this state that if an action or suit is prosecuted to foreclose a mortgage or deed of trust, such action is barred by the said statute of limitations, if an action upon the note or for the collection of the debt secured by said mortgage or deed of trust is barred by said statute.—*McGovney v. Gwillim,* 16 Colo. App., 284, 65 Pac., 346. In the last case cited it is also ruled that when the statute, after the lapse of time, bars an action upon the debt for its collection, it includes all actions seeking to *effectuate that purpose.* In that case it was laid down as a fundamental principle that while a party may avoid the bar of the statute of limitations by adhering strictly to his remedy under the power of sale

in manner and form, as provided by the deed of trust, without the aid of a court proceeding, yet if for any reason he elect to avail himself of the advantages to be derived from an "action" or suit, he must at the same time accept its disadvantages; that he cannot invoke the benefit of a personal action having for its ultimate purpose the collection of the debt, by adding to, correcting, completing or enforcing the provisions of an instrument in writing by which the debt is secured, without at the same time waiving his exemption from the provisions of the statute of limitations pertaining to such actions. This same principle was announced by Chief Justice Hallett in *Longan v. Carpenter,* 1 Colo., 205, 217, and by the supreme court of the United States in *Carpenter v. Longan,* 16 Wall., 271, 21 L. Ed., 313, in which it was said that a promissory note or debt and the instrument by which it is secured are inseparable; that the security accompanies the indebtedness through all hands, and ultimately shares the same fate. See, also, *Denver B. & M. Co. v. McAllister,* 6 Colo., 261, 263. The unavoidable conclusion to be drawn from *McGovney v. Gwillim* is that whenever the deed of trust given as security for a debt has been brought within the jurisdiction of a court by the *cestui que trust* for remedial purposes in order to collect the debt, it becomes at once subject to the law affecting remedies for the collection of the debt itself, to which the security is but an incident. That question is *stare decisis,* and controlling, at least upon this court.

Counsel for defendant in error contends that the decision in *McGovney v. Gwillim,* as interpreted by the supreme court in *Holmquist v. Gilbert,* is not applicable to the facts of this case, because, as counsel says, all that was decided by the court of appeals in that case was that the holder of the note elected to waive the right of sale by the trustee. It is true that the court of appeals, in

its opinion, stated that the holder of the note had elected
to waive the right of sale by the trustee, and the supreme
court in *Holmquist v. Gilbert,* in referring to the *McGov-
ney* case, and distinguishing it from the case then under
consideration, said:

"It is sufficient to say that in the latter case *(McGov-
ney v. Gwillim)* the court holds that in the case before it
'by the bringing of this suit, the holder of the note and
of the indebtedness has elected to waive the right of sale
by the trustee,' and treats the deed of trust as a mort-
gage. The question involved here was not presented in
that case."

But the waiver of the right of sale by the trustee
was not the only, nor the principal, reason for sustaining
the plea of the statute of limitations as a bar in the *Mc-
Govney* case. It was given as an additional reason for
the conclusion already reached. This is made plain by
the words of Wilson, Presiding Judge, when he said:

"Besides, in this instance, by the bringing of this
suit, the holder of the note and of the indebtedness has
elected to waive the right of sale by the trustee, which
is the only distinguishing feature between a deed of trust
and a mortgage, and thereby to have the instrument
treated as a mortgage."—(P. 287, 65 Pac., 348.)

Neither that court nor the supreme court intimated
that such waiver was the only reason for the decision
reached; and an examination of the complaint and prayer
in the McGovney case will show that the sale by the trus-
tee was not waived to any greater extent than in the
present case, for, in that case, it was asked that the fore-
closure be made by the trustee, or his successor in trust,
or the sheriff, and in this case it is asked that the fore-
closure be made by a trustee to be appointed and sub-
stituted by the court for the trustee, and successor in
trust, designated in the deed of trust. The statement

made by Judge Wilson in his opinion, that there was a
waiver of sale by the trustee, is inaccurate, unless it be
understood to mean that plaintiff had waived a sale by
the trustee except by and with the aid and intervention
of the court, which brought the proceeding within the
bar of the statute when properly pleaded; and such is
the purport of the entire opinion, making it clearly ap-
plicable to the facts of this case.

It cannot be said that the action here under consid-
eration has not for its purpose and object the collection
of the debt. The collection of the debt is the avowed
purpose of the relief prayed for, and the express purpose
and effect of the decree. The suit is brought upon the
theory and allegation that without the aid of the court,
the express powers conferred in the deed of trust cannot
be executed. Perhaps the case of *McGovney v. Gwillim*
can be distingnunished from this case by reason of the
fact that the action there was for foreclosure, while the
action here is primarily for relief, without which the
foreclosure as provided by the deed of trust could not
proceed, as no power is given by the deed to appoint a
substitute trustee without the aid of a court of equity.
But, in principle, it is a distinction without difference.
Moreover, incidentally at least, foreclosure under the
terms of the trust deed was prayed for and decreed. In
effect, this is an action to foreclose the trust deed as a
mortgage. Our conclusion is opposed to the conclusion
reached by the supreme court of California in *Sacra-
mento Bank v. Murphy,* 158 Calif., 390, 115 Pac., 232, and
*Travelli v. Bowman,* 150 Calif., 587, 89 Pac., 347. These
cases are practically on all fours with the case under
consideration. In principle, we think they cannot be dis-
tinguished. The trust deed in *Bank v. Murphy* contained
a provision that in case of vacancy in the trusteeship,
the bank, as *cestui que trust,* could appoint other trustee

or trustees to execute the trust, in which respect that deed differs from the deed here under consideration, but that difference was held not material. Those cases announce the law of the state of California, but are not controlling in this state. Both upon the force of the reasoning in and the direct authority of the *McGovney* case, we regard this question as *stare decisis,* and are satisfied with the conclusion there reached.

## II.

If it be conceded that for the purpose of obtaining the appointment of a trustee "to the end" that he may foreclose the deed of trust, and thereby collect the debt, as herein sought, the debt and its security are separable, and that this is not a suit to foreclose, as the trial court seems to have held, and, for that reason, the six years' statute of limitations affecting actions for the collection of debts founded upon contract is not applicable to this action, then it comes within the exception designated in section 4637, Mills' Ann. Stats., Rev. Stats. 1908, section 4071, as one of the "suits over the subject-matter of which a court of equity has peculiar and exclusive jurisdiction, and which subject-matter is not cognizable in the courts of common law," and within, and is barred by, the provisions of sections 4638 and 4639, relative to bills of relief, which sections are construed together.—*Morgan v. King,* 27 Colo., 539, 63 Pac., 416; *Ballard v. Golob,* 34 Colo., 417, 83 Pac., 376; *Empire R. & C. Co. v. Gehr,* 54 Colo., 185, 129 Pac., 828.

Section 4639, commonly known as the equity statute of limitations, reads as follows:

"Bills of relief, in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within five years after the cause thereof shall accrue, and not after."

In the matter of the appointment of a trustee, the plaintiff prays for relief that only a court of equity can give. The complaint is a "bill for relief, in case of a trust not cognizable by the courts of common law." If it be said that in some of its aspects this is a real action, it is answered that in some of its phases it is a personal action. If it proceeds *quasi in rem*, it proceeds *in personam* as well. While its determination will directly or indirectly affect the realty, it no less directly affects the debt and the possibility of its collection. We think our conclusion is not in conflict with *Munson v. Marks*, 52 Colo., 553, 557, 124 Pac., 187, which holds that the foregoing section does not apply to actions to quiet title or remove clouds from title. This action does not "affect realty *only*"—it affects realty also; and involves the question of a trust.

The defendant in error contends that the statute of limitations does not run against an express trust. Ordinarily, that well known rule applies only to actions between the *cestui que trust* and the trustee. That it does not apply to an action to foreclose a deed of trust or to this action is a necessary implication from, if not the direct holding in, *McGovney v. Gwillim, supra*.

The judgment is reversed, and cause remanded, with instruction to render judgment upon the pleadings in favor of the defendant.

*Reversed.*