King, J.,
delivered tlie opinion of the court.
March 2, 1910, defendant in error, as plaintiff, filed his complaint, in the nature of a bill in equity, in which the relief prayed for was that an accounting be had to find the amount due upon a certain promissory note, and that the court appoint a substitute trustee with power to perform the duties imposed and exercise the powers and authority conferred by a certain deed of trust, to the end that the said substituted trustee proceed under the terms and provisions of said deed of trust to make sale of the property described therein, in order to make collection in full of the principal and interest of said note, with costs of foreclosure.
The relief prayed for was predicated upon allegations in substance as follows: That some years, prior to his death, defendant’s husband, her grantor, had executed a promissory note for the principal sum of $425, payable November 1, 1893, with interest, and, to secure the payment of said indebtedness, executed a certain deed of trust, covering .certain lands in Bent county, in which deed The Colorado Loan & Trust Company (a Colorado *504 corporation), was trustee, and the acting sheriff of Arapahoe county, Colorado, was successor in trust, and the place of sale, in case of foreclosure, was the Tremont street door of the court house in said county of Arapahoe; that the principal of said note had not been paid, nor any interest, since the maturity of said note; that the corporate life of the primary trustee had expired by limitation, whereby it was unable to execute the powers conferred upon it by said deed of trust, and that by an amendment to the constitution of Colorado, whereby the county of Arapahoe was abolished and the City and County of Denver established, the successor in trust named therein was disqualified, and unable to exercise the powers conferred by said deed of trust; that there is no longer a place designated as “the Tremont street door-of the court house in the county of Arapahoe, state of Colorado.”
As a defense to the foregoing complaint, defendant pleaded, first, that the cause of action mentioned in the complaint did not accrue within six. years, and, second, that said cause of action did not accrue within five years, before the commencement of this action. Upon motion of the plaintiff, the court rendered judgment on the pleadings in his favor, by which it was.ordered and decreed :
“That Hamilton Armstrong, present acting sheriff of the City and County of Denver, Colorado, is hereby appointed substitute trustee for the purpose of carrying out all of the objects and purposes of said trust, by advertising for sale the property according to the tenor and effect of the authority of said deed of trust conferred on said trustee; and that the sale shall be noticed to take place at the Tremont street door of the court house in the City and County of Denver, Colorado.”
*505 I.
Tlie question presented for determination is whether the action brought by plaintiff was barred by the provisions of the two statutes of limitation pleaded, or either of them, it being conceded by the- motion for judgment on the pleadings that the action was brought more than six years after the cause of action accrued.
' • It is settled law in this state that the six years ’ statute of limitations does not operate as a bar to proceedings for the foreclosure of a deed of trust, when foreclosure is made by advertisement and sale by the trustee named in the deed of trust, without the aid or intervention of a court proceeding; that such proceedings are not an “action” within the provisions of our statute, which reads:
“The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards.” — Section 4061, Rev. Stats. 1908; section 4627, Mills’ Ann. Stats. 1912.
Holmquist v. Gilbert, 41 Colo., 113, 92 Pac., 232; Foot v. Burr, 41 Colo., 192, 92 Pac., 236, 13 L. R. A. (N. S.), 1210.
It is also settled law in this state that if an action or suit is prosecuted to foreclose a mortgage or deed of trust, such action is barred by the said statute of limitations, if an action upon the note or for the collection of the debt secured by said mortgage or deed of trust is barred by said statute. — McGovney v. Gwillim, 16 Colo. App., 284, 65 Pac., 346. In the last case cited it is also ruled that when the statute, after the lapse of time, bars an action upon the debt for its collection, it includes all actions seeking to effectuate that purpose. In that case it was laid down as a fundamental principle that while a party may avoid the bar of the statute of limitations by adhering strictly to his remedy under the power of sale *506 in manner and form, as provided by the deed of trust, without the aid of a court proceeding, yet if for any reason he elect to avail himself of the advantages to be derived from an “action” or suit, he must at the same time accept its disadvantages; that he cannot invoke the benefit of a personal action having for its ultimate purpose the collection of the debt, by adding to, correcting, completing or enforcing the provisions of an instrument in writing by which the debt is secured, without at the same time waiving his exemption from the provisions of the statute of limitations pertaining to such actions..This same principle was announced by Chief Justice Hallett in Longan v. Carpenter, 1 Colo., 205, 217, and by the supreme court of the United States in Carpenter v. Longan, 16 Wall., 271, 21 L. Ed., 313, in which it was said that a promissory note or debt and the instrument by which it is secured are inseparable; that the security accompanies the indebtedness through all hands, and ultimately shares the same fate. See, also, Denver B. & M. Co. v. McAllister, 6 Colo., 261, 263. The unavoidable conclusion to be drawn from McGovney v. Gwillim is that whenever the deed of trust given as security for a debt has been brought within the jurisdiction of a court by the cestui que trust for remedial purposes in order to collect the debt, it becomes at once subject to the law affecting remedies for the collection of the debt itself, to which the security is but an incident. That question is stare decisis, and controlling, at least upon this court.
Counsel for defendant in error contends that the decision in McGovney v. Gwillim, as interpreted by the supreme court in Holmquist v. Gilbert, is not applicable to the facts of this case, because, as counsel says, all that was decided by the court of appeals in that case was that the holder of the note elected to waive the right of sale by the trustee. It is true that the court of appeals, in *507 its opinion, stated that the holder of the note had elected to waive the right of sale hy the trustee, and the supreme court in Holmquist v. Gilbert, in referring to the McGovney case, and distinguishing it from the case then under consideration, said:
“It is sufficient to say that in the latter case (McGovney v. Gwillim) the court holds that in the case before it ‘by the bringing of this suit, the holder of the note and of the indebtedness has elected to waive the right of sale by the trustee,’ and treats the deed of trust as a mortgage. The question involved here was not presented in that case.”
But the waiver of the right of sale by the trustee was not the only, nor the principal, reason for sustaining the plea of the statute of limitations as a bar in the Mc-Govney case. It was given as an additional reason for the conclusion already reached. This is made plain .by the words of Wilson, Presiding Judge, when he said:
“Besides, in this instance, by the bringing of this suit, the holder of the note and of the indebtedness has elected to waive the right of sale by the trustee, which is the only distinguishing feature between a deed of trust and a mortgage, and thereby to have the instrument treated as a mortgage.” — (P. 287, 65 Pac., 348.) .
Neither that court nor the supreme court intimated that such waiver was the' only reason for the decision reached; and an examination of the complaint and prayer in the McGrovney ease will show that the sale by the trustee was not waived to any greater extent than in the present case, for, in that case, it was asked that the foreclosure be made by the trustee, or his successor in trust, or the sheriff, and in this case it is asked that the foreclosure be made by a trustee to be appointed and substituted by the court for the trustee, and successor in trust, designated in the deed of trust. The statement *508 made by Judge Wilson in his opinion, that there was a waiver of sale by the trustee, is inaccurate, unless it be understood to mean that plaintiff had waived a sale by the trustee except by and with the aid and intervention of the court, which brought the proceeding within the bar of the statute when properly pleaded; and such is the purport of the entire opinion, making it clearly applicable to the facts of this case.
It cannot be said that the action here under consideration has not for its purpose and object the collection of the debt. The collection of the debt is the avowed purpose of the relief prayed for, and the express purpose and effect of the decree. The suit is brought upon the theory and allegation that without the aid of the court, the express powers conferred in the deed of trust cannot be executed. Perhaps the case of McGovney v. Gwillim can be distingnunished from this case by reason of the fact that the action there was for foreclosure, while the action here is primarily for relief, without which the foreclosure as provided by the deed of trust could not proceed, as no' power is given by the deed to appoint a substitute trustee without the aid of a court of equity. But, in principle, it is a distinction without difference. Moreover, incidentally at least, foreclosure under the terms of the trust deed was prayed for and decreed. In effect, this is an action to foreclose the trust deed as a mortgage. Our conclusion is opposed to the conclusion reached by the supreme court of California in Sacramento Bank v. Murphy, 158 Calif., 390, 115 Pac., 232, and Travelli v. Bowman, 150 Calif., 587, 89 Pac., 347. These cases are practically on all fours with the case under consideration. In principle, we think they cannot be distinguished. The trust- deed in Bank v. Murphy contained a provision that in case of vacancy in the trusteeship, the bank, as cestui que trust, could appoint other trustee *509 or trustees to execute the trust, in which respect that deed differs from the deed here under consideration, but that difference was held not material. Those cases announce the law of the state of California, but are not controlling in this ¿state. Both upon the force of the reasoning in and the direct authority of the McGovney case, we regard this question as stare decisis, and are satisfied with the conclusion there reached.
II.
If it be conceded that for the purpose of obtaining the appointment of a trustee “to the end” that he may foreclose the deed of trust, and thereby collect the debt, as herein sought, the debt and its security are separable, and that this is not a suit to foreclose, as the trial court seems to have held, and, for that reason, the six years’ statute of limitations affecting actions for the collection of debts founded upon contract is not applicable to this action, then it comes within the exception designated in section 4637, Mills’ Ann. Stats., Rev. Stats. 1908, section 4071, as one of the ‘ ‘suits over the subject-matter of which a court of equity has peculiar and exclusive jurisdiction, and which subject-matter is not cognizable in the courts of common law,” and within, and is barred by, the provisions of sections 4638 and 4639; relative to bills of relief, which sections are construed together. — Morgan v. King, 27 Colo., 539, 63 Pac., 416; Ballard v. Golob, 34 Colo., 417, 83 Pac., 376; Empire R. & C. Co. v. Gehr, 54 Colo., 185, 129 Pac., 828.
Section 4639, commonly known as the equity statute of limitations, reads as follows:
“Bills of relief, in case of the existence of a trust not- cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within five years after the cause thereof shall accrue, and. not after. ’ ’
*510 In the matter of the appointment of a trustee, the plaintiff prays for relief that only a court of equity can give. The complaint is a “hill for relief, in case of a trust not cognizable by the courts of common law.” If it be said that in some of its aspects this is a real action, it is answered that in some of its phases it is a personal action. If it proceeds quasi in rem, it proceeds in personam as well. While its determination will directly or indirectly affect the realty, it no less directly affects the debt and the possibility of its collection. We think our conclusion is not in conflict with Munson v. Marks, 52 Colo., 553, 557, 124 Pac., 187, which holds that the foregoing section does not apply to actions to' quiet title or remove clouds from title. This action does not “affect realty only” — it affects realty also; and involves the question of a trust.
The defendant in error contends that the statute of limitations does not run against an express trust. Ordinarily, that well known rule applies only to actions between the cestui que trust and the trustee. That it does not apply to an action to foreclose a deed of trust or to this action is a necessary implication from, if not the direct holding in, McGovney v. Gwillim, supra.
The judgment is reversed, and cause remanded, with instruction to render judgment upon the pleadings in favor of the defendant.

Reversed.