### MILLS *v.* BUTTRICK et al.

1. That a defendant in a suit in equity cannot have affirmative relief in the absence of a cross-bill is a familiar rule in equity practice.

2. Where a defendant by demurrer, answer or plea, contests the case made by the complainant in his bill, he may ask this court to reverse the decree because of defective allegations in the bill, or proofs, and in such case the record may be examined and the decree either reversed or affirmed.

3. In a bill of complaint to quiet title under the town site act of 1864, all adverse claimants should be made parties to the suit ; yet a decree rendered upon a bill to which all adverse claimants were not made parties, may still be good as between those who were parties thereto.

*Error to Probate Court of Clear Creek County.*

At the December term, 1877, the writ of error in this cause was dismissed (*ante,* p. 53), and thereupon

Mr. L. C. ROCKWELL, for plaintiff in error, filed the following petition for a rehearing :

"Your petitioner, George A. Mills, respectfully represents and shows to this honorable court that in failing to pass upon the merits of this case, and in dismissing the writ, error has intervened in this :

1st. Because this case was regularly and properly pending in this court on a writ of error, and the entire record should have been examined as challenged by the assignment of errors.

2d. Because the court should not have dismissed the writ, but should have affirmed or reversed the decree.

3d. Because the writ could only be dismissed because of some defects in the proceedings in bringing the case up, or where it is shown this court has no jurisdiction.

For the foregoing reasons petitioner asks that a rehearing be granted, and the cause considered on the merits."

*Per Curiam.* The act of 1864, prescribing rules and regulations, for the execution of the trust, arising under the act of Congress of 1844, authorizing the entry of town sites upon public lands, was made applicable to the town of Georgetown, and provides, that "in case there shall be adverse claimants to such lands, or to any part, parcel or share thereof, either party may bring a suit in chancery, against the adverse claimants in the district court," etc., etc. It further provides that "pleadings and proceedings in such actions shall be as in cases in chancery."

By force of these provisions, it was held in the case of *Tucker et al.* v. *McCoy,* 3 Col. 284, that a defendant to a bill filed under this act, in order to obtain affirmative relief, must file his cross-bill. That no affirmative decree could be rendered in his favor on his answer. This rule of equity pleading and practice is so familiar, that we cannot think the claim well founded, " that its announcement in the case of *Tucker* v. *McCoy* took the profession by surprise."

Notwithstanding a defendant in a suit brought under this act, who has failed to file his cross-bill, may not be entitled to affirmative relief, we are of the opinion, that when he

has, in the court below, by demurrer, plea or answer, con·
tested the case made by the complaint, he may, in the appel-
late court, ask that a decree rendered in the complainant's
favor be reversed, for any substantial defect in the allega-
tions of the bill or proofs.  This follows from the fact, that
the complainant in the court below would not be entitled
to a decree, notwithstanding the failure of the defendant to
file his cross-bill, except upon a sufficient showing that he
was entitled under the provisions of the act.  In this view,
the record in such a case may be examined by this court,
and the decree either reversed or affirmed.

In the case of *Tucker et al.* v. *McCoy*, cited *supra*, it is
said that, to entitle the complainant to maintain his suit
under this act, it is necessary *inter alia*  *  *  * "Fourth
— that all the adverse claimants, who filed their statements
within the time limited, should be made parties to the suit.
For aught that appears in this bill, McCoy may not have
been the only adverse claimant."

That such an allegation would be proper, there can be no
question.  That if all adverse claimants, who have filed
upon the premises in controversy, are not made parties de-
fendant, no impregnable decree can be entered, is also clear;
but that a bill, wanting in this allegation, would be fatally
defective, and would not justify a decree in the complain-
ant's behalf, was not what the court intended to say.

It is clearly apparent, from the terms and provisions of
the town site act of 1864, that it was intended that, upon
the entry of a town site by the proper authorities, all
adverse claims to any part of the lands so entered should
at once be adjudicated and determined, by the courts vested
with jurisdiction.  This was with a view of enabling the
authorities, in whom the trust was vested, to rightfully,
finally and speedily execute the trust.  An adjudication
was contemplated, that should determine the right of all
claimants, and bind all by its decree.

Notwithstanding this view of the statute, a decree ren-
dered upon a bill to which all adverse claimants were not

made parties would still be good as between those who were parties thereto. This averment, therefore, while it is proper, cannot be regarded as essential.

With this modification, an examination of the allegations of the bill shows a substantial compliance with the requisites of a bill, as stated in the case of *Tucker et al.* v. *McCoy.*

The allegations are general, it is true, and for that reason might have been obnoxious to demurrer; but in the absence of any objection so taken, they are sufficient if supported by evidence, showing the facts which should have been more specifically alleged.

Upon the evidence disclosed by the record, we think the complainant was entitled to the lands in controversy. The petition for rehearing upon the merits is denied; but the judgment of dismissal heretofore rendered is vacated, and the decree of the court below is affirmed with costs.

*Rehearing denied.*