[No. 5471.]
[No. 3141 C. A.]

## MITCHELL v. KNOTT.

1. **Quieting Title — Complaint — Allegation of Title and Possession on Information and Belief — Method of Raising Defense—Demurrer.**

Although, in a complaint to quiet title, an allegation upon information and belief that plaintiff is the owner and in possession of certain real estate may not be a good form of pleading, the defect cannot be raised by demurrer, but must be done by motion.—P. 137.

2. **Quieting Title — Different Parcels Involved — When One Action.**

The title to many different lots may be quieted in the same action where the adverse title is in the same party.—P. 137.

3. **Appellate Practice—Discretion of Trial Court—Time of Filing Pleadings.**

Permitting a replication to be filed after the expiration of the statutory period, or extending the time therefor, rests within the discretion of the court, and will not warrant reversal in the absence of a showing of abuse of discretion or prejudice to the adverse party resulting from the delay.—P. 137.

4. **Quieting Title—Pleading — Replication — Irregularity of Tax Deeds—Sham Pleadings.**

Where, in an action to quiet title, defendant set up title by virtue of a tax deed, and plaintiff, in reply, denied its validity and alleged defects in the proceedings leading up to its issuance, such replication is not a sham pleading on the ground that plaintiff knew defendant and his assigns had tax deeds to the property.—P. 138.

5. **Quieting Title—Pleading — Admission of Defendant's Possession and Interest.**

In an action to quiet title, where plaintiff alleges reasons why a tax deed, under which defendant claims, conveys no title, he does not thereby admit defendant's possession or interest in the property.—P. 138.

6. **Quieting Title—Replication—Contradictory Counts.**

Where, in an action to quiet title, the first count of a replication is a general denial of defendant's answer, and the second count sets up defects in defendant's alleged tax title, the counts are not thereby contradictory.—P. 138.

7.  Quieting Title—Other Outstanding Titles—Not Ground of De-
    murrer.

    In an action to quiet title, plaintiff's pleadings are not de-
murrable because they show there are other persons holding
outstanding titles and that making them parties would result in
a multifariousness of properties and parties, for it is no con-
cern of defendant that there are other outstanding titles that
might constitute a cloud.—P. 139.

8.  Quieting Title—Answer—Issues and Proof.

    Where, in an action to quiet title, one defense in the answer
consists solely of admissions and denials, and another consists
solely of assertion of title in defendant and his grantees, with
no denial of plaintiff's title, the latter is not required to prove
his title or possession.—P. 139.

9.  Taxes and Taxation—Notice of Tax Sale—Proof of Publica-
    tion—Sufficiency.

    Under a statute requiring the affidavit of publication of
notice of tax sale to show that copies of each number of the
paper containing the notice were delivered by carrier or trans-
mitted by mail to each of the subscribers, an affidavit asserting
that the paper containing the notice was delivered by carrier
or transmitted by mail to each of the subscribers in a certain
county in the state, is insufficient, and the sale based thereon
is invalid.—P. 139.

*Appeal from the District Court of the City and
County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action to quiet title by Lydia M. Knott against
W. C. Mitchell.   From a judgment for plaintiff, de-
fendant appeals.                              *Affirmed.*

Mr. W. C. MITCHELL, for appellant.

Messrs. DOUD & FOWLER, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the
court:

This is an action to quiet title to real estate.
The complaint is in the usual form, except that it is
alleged upon information and belief that the plain-
tiff was the owner and in possession of certain real

estate.  The property to which it is desired to quiet the title consists of seventeen lots.  The first error assigned is upon the overruling of defendant's demurrer to the complaint.  Five grounds of demurrer are alleged.  The first is that the complaint does not state facts sufficient to constitute a cause of action, the contention being that the allegation upon information and belief that the plaintiff was the owner of and in the possession of the property is insufficient.  While this may not be a good form of pleading, the defect cannot be raised by demurrer, but must be done by motion.—*Carpenter et al. v. Smith et al.,* 20 Colo. 39; *Jones v. Pearl Min. Co.,* 20 Colo. 417

The second ground of demurrer is that there is a multifariousness of properties set forth in plaintiff's complaint.  We know of no reason why plaintiff might not have the title to several pieces of property quieted where an adverse title is claimed by the same party, and counsel has called our attention to neither reason nor authority why this may not be done.

The other three grounds of demurrer are not apparent upon the face of the complaint and are, therefore, untenable.  The defendant answered and in the first defense, which consisted solely of admissions and denials, denied the title and possession of plaintiff.  In the second defense defendant pleads title in himself by virtue of a tax deed.  Plaintiff replied, denying the validity of the tax deed and alleging that the proceedings leading up to its execution were defective in several respects, among which was that no sufficient affidavit of the publication of the notice of the tax sale had been made.

The defendant moved to strike the replication from the files, first, because it was not filed for more than ten days and for more than a month after the answer was filed.  The matter of extending the time

for filing a replication, or of permitting it to be filed after the expiration of the statutory period, rests within the discretion of the court, and there is nothing to show that this discretion was abused or that the defendant was prejudiced by the delay; in the absence of which showing the judgment will not be reversed solely because of such delay.

The second ground of the motion to strike is that the replication shows that "plaintiff well knew that defendant and his assignors had tax deeds upon the property. It is a sham pleading." The replication is in the usual form, setting up the defects in an alleged tax title. No argument is advanced why it is a sham pleading, and we cannot see why it should be termed such. The third ground upon which the motion to strike is based is as follows: "And because it seeks to remove a cloud and contradicts the complaint when it shows plaintiff was not in possession and that defendant has an interest, it departs from the case as made."

We have read the replication to learn wherein it discloses that the plaintiff was not in possession of the property, and fail to find such an allegation. The replication does not show that defendant has an interest in the property, but it alleges reasons why the tax deed does not convey any interest in the same.

The fourth ground of the motion to strike is "because the first count of said replication is a general denial and the first and second counts contradict each other." Defendant's answer alleges that he is the owner of the property by virtue of the tax deeds. The general denial denies this. The second defense sets up the defects in the alleged tax title. The two defenses are perfectly consistent.

There was a demurrer filed to the replication, the principal ground of which was that all the pleadings combined showed that there were other parties,

grantees of defendant, who had an interest in the property and that they should be made parties and that if they were made parties the action could not be maintained because it would result in a multifariousness of properties and parties. This action was brought to quiet title against defendant, and it is no concern of his that others might have outstanding titles which would constitute a cloud upon the title, and, as hereinbefore stated, there is no good reason why the title of several lots might not be quieted in the same action.

At the close of the trial, judgment was rendered in favor of the plaintiff quieting title against the claims of defendant, conditioned upon the payment by plaintiff to defendant of the amount of taxes, interest and penalties, paid by defendant. It is contended by defendant that this judgment was wrong, for the reason that the plaintiff submitted no proof of her title or possession. It will be remembered that there were two defenses filed to plaintiff's complaint, the first consisting solely of admissions and denials; the second consisting solely of assertion of title in defendant and his grantees. In the second defense there is no denial of the title or possession of the plaintiff.

In the case of *Lambert v. Shumway*, 36 Colo. 350, is was determined that a defense consisting solely of admissions and denials was insufficient for any purpose in an action to quiet title, and that a defense consisting solely of averments showing defendant's title did not put the plaintiff upon proof of his title and possession.

The affidavit of publication of the notice of tax sale in this case has the same defect as the affidavit in the case of *Lambert v. Shumway*, namely: that affiant asserts that the paper containing the notice "was delivered by carrier or transmitted by mail to

each of the subscribers in the county of Arapahoe, in the state of Colorado." The statute provides that the affidavit shall show that copies of each number of the paper containing the notice were "delivered by carrier or transmitted by mail to each of the subscribers," and it was there held that the affidavit was insufficient and the sale based thereon invalid.

Perceiving no error, the judgment will be affirmed.                                        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.