[No. 6947.]

## MUNSON V. MARKS.

1. CLOUD UPON TITLE—*Who May Sue to Remove*—Any one having an equitable interest in the land, e. g., the beneficiary in a deed of trust, or the trustee—(556, 557).

2. ——*Limitation*—Neither section-4072 nor 4073 of the Revised Statutes, 1908, have any application to a bill to remove cloud from title. They relate to personal actions only—(557). —(559).

Nor can sec. 5733 of the Revised Statutes be invoked, where the sole purpose of the action is to remove a cloud upon plain-

tiff's title, not demanding possession. *Williams v. Conroy*, 35 Colo. 117; *Wood v. McCombe*, 37 Colo. 174; *Halbouer v. Quenin*, 45 Colo. 507, distinguished.

Doubted whether any statute now in force limits an action by one in possession of land, to remove cloud from a title. Where the land is vacant, or in adverse possession of a defendant, a plea of payment of taxes for seven years, under claim and color of title for that period, made in good faith, would be a bar —(559).

3. ——*Historical*—Until the act of 1874 (Laws 1874, 177), there was no statute imposing any limitation upon actions concerning realty—(558).

*Appeal from Logan District Court.*—Hon. H. P. BURKE, Judge.

Messrs. MUNSON & MUNSON, for appellant.

Messrs. McCONLEY & HINKLEY, Messrs. ALLEN & WEBSTER, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The action is to remove a cloud from title and was begun in May, 1909. Plaintiff, being the owner and holder of an overdue and unpaid note with accrued interest, the payment of which is secured by deed of trust on the land in question, seeks the cancellation of a certain tax deed thereto, dated December 12, 1896, and recorded in the office of the county clerk and recorder of the proper county on the 16th day of the same month and year, which, as is alleged, casts a cloud upon the title, so that it is impossible to foreclose the deed of trust and sell the land for a price commensurate with its value, or sufficient to discharge the note in question, which, but for such cloud, it is said, could be readily done. Defendant claims title, by mesne conveyances, through the grantee in the tax deed to which objection is made. There are specific aver-

ments in the complaint, which, if true, render the tax deed void. It is also alleged that tender has been made by plaintiff to defendant of all taxes, interest, penalties and costs due thereunder, which the latter has refused and still does refuse to accept.

There was a general demurrer to the complaint, and also special demurrer on these grounds: First. That the action is barred by section 4072 of the Revised Statutes of 1908, which reads as follows:

"Bills for relief, on the ground of fraud, shall be filed within three years after the discovery by the aggrieved party, of the facts constituting such fraud, and not afterwards."

Second. Under section 4073 of the Revised Statutes of 1908, which reads:

"Bills of relief, in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within five years after the cause thereof shall accrue, and not after."

And, Third. Under section 5733 of the Revised Statutes of 1908, which provides:

"No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary notwithstanding."

The order sustaining the demurrer was general. Plaintiff elected to stand by his complaint. The action was dismissed, and plaintiff brings that judgment here for review.

If the complaint shows that plaintiff has an equitable interest in the land, such as entitles him to maintain the suit, then clearly a cause of action is stated. Under the authority of *Stock-Growrs' Bank v. Newton,* 13. Colo. 245; *Brown v. Wilson,* 21 Colo. 309; and *Consolidated*

*Plaster Co. v. Wild,* 42 Colo. 202; it is settled that a party out of possession, but having an equitable interest in the property, may maintain a suit to remove a cloud from the title.

In the case of *Stock-Growers' Bank v. Newton, supra,* the court held in effect that a judgment creditor might bring suit to set aside a fraudulent deed, or to test its validity before attempting to subject the premises to execution sale, and supports this doctrine by a citation of numerous authorities. If a judgment creditor has such an interest in the real property of his judgment debtor as will entitle him to maintain a suit in equity to remove a cloud, it must be that the beneficiary under a deed of trust has equally good standing to maintain a like action. In 22 Ency. P. & P., at page 158, the author makes the following statement, citing many authorities to support it:

"The *cestui que trust,* as being the real party in interest, may maintain a bill in equity for the benefit of the trust estate and the protection of his interests."

Again on page 166 of the same volume it is said:

"Under the provision of the code that actions shall be brought in the name of the real party in interest, the *cestui que trust* may, in many cases, maintain an action in his own name in regard to the trust property."

And again on page 175 of the same volume, under the head of Suit by Beneficiary, having regard to the provision of the code authorizing the trustee of an express trust, and those acting in a representative capacity, to maintain suits, the author says:

"This provision of the code has not changed the rule prevailing in many states, that the person for whose benefit a contract is made may sue thereon. Either party may sue, and a recovery by either will bar an action by the other."

Undoubtedly, under our practice, either the trustee or the beneficiary may maintain an action such as this, and a recovery by either would be a bar to a like action by the other. The beneficiary is clearly the real party in interest, the trustee holding merely the naked legal title, and since this is so, the conclusion is irresistible that the *cestui que trust* may maintain a suit to protect his rights when invaded. In the case of *Smith v. Brittenham,* 109 Ill. 540, it is said:

"It is a well recognized rule that in equity the party having the beneficial interest in the subject matter of the suit must sue in his own name for any invasion of his rights in respect thereto, although the legal title may be in another."

The following cases support this proposition: *Press v. Woodley,* 160 Ill. 433; *Hutchison v. Myers,* 52 Ka. 290; *First Baptist Church of San Jose v. Branham,* 90 Cal. 22; *Bowdoin College v. Merritt,* 54 Fed. 55; and *Fleming v. Holt,* 12 W. Va. 143. Since a cause of action is stated, and plaintiff is shown to have such an equitable interest in the land as entitles him to sue to protect it, it follows that the complaint is not subject to a general demurrer.

It is manifest that neither section 4072 nor section 4073, quoted above, has any application to this kind of an action, as neither a question of fraud nor of a trust is involved. This conclusion is amply supported by the decisions in the cases of *Morgan v. King,* 27 Colo. 539, and *Ballard v. Golob,* 34 Colo. 417, where the purpose and effect of these two sections are thoroughly considered and construed, resulting in a determination that they have no application whatever to a suit of this character.

Moreover, these sections are distinctively limitations upon personal actions, and have no reference to, nor are

they limitations upon, actions affecting realty only. Their history demonstrates this. Since 1861 they have been carried unchanged upon the statute books, first of the territory and later of the state, as relating to personal actions exclusively. In the General Statutes of 1883, under the title "Limitations," there are two sub-divisions: Subdivision 1, "Personal Actions," under which the sections in question are placed, and sub-division 2, "Real Estate," under which all statutes of limitation as to realty appear. These sub-divisions have obtained ever since, and are recognized and adopted in Mills' Annotated Statutes and in the Revised Statutes of 1908. In fact up to 1874 there was no statute in this state fixing any limitation whatever upon realty actions. Then for the first time the legislature passed an act entitled, "An Act Limiting the Time for Bringing Actions Respecting Real Estate." It is thus apparent that at the time of the original enactment of these sections they were considered as relating only to personal actions, and never having been changed, altered or modified, still relate to, and are limitations upon, actions of that character alone. Later various statutes have been enacted in limitation of actions affecting real estate, many of which are unnecessary and futile, if it be true that these provisions are applicable as a limitation upon such actions. The subsequent passage of these specific limitation statutes to real estate actions seems conclusive that the sections under consideration do not, and never were intended to, apply as limitations upon actions of that kind.

In *Latta v. Clifford,* 45 Fed., page 108, Judge Hallett, in 1891, discussing the fact of the absence of any statute on the subject of title by adverse occupation, took occasion to declare that in this state there was then no other act of limitation as to realty, except the ones founded upon the act of 1874. The declaration was made

despite the fact that the limitation sections under consideration were in full force, and had been for thirty years or more. This holding seems correct, and the views here expressed are in harmony with it.

Further, it may well be doubted whether we have any statute in limitation of actions to remove cloud from title by one in possession. *Quinn v. Kellog,* 4 Colo. App. 157. But where the land is vacant, or in possession of the party against whom the suit is directed, then a plea under our statutory provisions, of claim and color of title, made in good faith, with payment of taxes for the necessary period, and of possession, where possession is claimed, would be good in bar of such an action, if established by proof.

The only remaining question is whether section 5733, above quoted, commonly known as the short statute of limitation with reference to tax deeds, can be invoked by the defendant in an action brought for the sole purpose of removing a cloud from title, not seeking the ejectment of the defendant from the land, or the recovery of possession. By its plain language this statute seems not to have been intended as a defense when the removal of cloud from title alone is involved. Its context clearly indicates that it is meant to apply as a defense only to actions for the recovery of possession, and the ouster from the land of some one in possession. This is not such a suit, and therefore the statute relied upon is inapplicable and furnishes no defense to, or shield against, the particular cause of action alleged in the complaint. In *Morris and Thombs v. St. Louis National Bank,* 17 Colo. 231, which was an action to remove cloud from title, precisely as this is, this doctrine was specifically declared. The same statute was there pleaded and relied upon in bar to that action, and the court in discussing the proposition, at

page 239 of the opinion, said :

"It is true, that under the code, section 266, an action in the nature of ejectment may be brought for the recovery of vacant and unoccupied premises against any one exercising acts of ownership over them. But such remedy is not exclusive; and such is not the nature of the present action. An action like the present to remove cloud from title is an appropriate remedy by the original owner of vacant lands against a party claiming title under a tax deed. By instituting such action the owner is not bound to confess himself ousted of his original possession, nor to assume as a matter of law that the tax claimant is in possession by virtue of his tax deed, when in fact the claimant is not in possession, and when the very purpose of the action is to have such deed adjudged invalid. See 3 Pomeroy's Eq. Juris., sections 1398, 1399, and particularly note 4, where the learned author says: 'When the estate or interest to be protected is equitable, the jurisdiction should be exercised whether the plaintiff is in or out of possession, for under these circumstances legal remedies are not possible.'

"Our conclusion is that the present action is not to be treated as an action for the recovery of land, and so neither of the limitations above quoted is applicable as a defense. This conclusion is the more satisfactory for the reason that other limitation statutes, more appropriate to actions of this kind, will subserve all the purposes of repose contemplated by such legislation without working such manifest injustice."

This view has direct support in the following authorities from other states: *Beck v. Meroney,* 135 N. C. 532; *Mount v. McAuley,* 47 Ore. 444; *Knight v. Valentine,* 35 Minn. 367; *Mollie v. Peters,* 28 Neb. 670; and *Kraus v. Montgomery,* 114 Ind. 103.

As opposed to the conclusion reached, that the short statute of limitations may not be pleaded and relied upon as a defense to a suit to remove a cloud, counsel for the defendant rely upon the decisions in the following cases as announcing a different doctrine: *Williams v. Conroy,* 35 Colo. 117; *Wood v. McCombe;* 37 Colo. 174; and *Halbouer v. Cuenin,* 45 Colo. 507. An examination of the facts in each of these cases discloses that they are all actions to recover the premises and to oust therefrom defendants in possession, suits purely in the nature of ejectment. It is precisely to such actions that the statute is intended to apply, and the fact that they are all of that character is the thing which clearly distinguishes them from the case at bar, and also from the case of *Morris and Thombs v. St. Louis National Bank, supra,* the opinion in which supports the conclusion here reached. This distinction is directly pointed out in *Williams v. Conroy, supra.* It follows that the short statute of limitations was not available as a defense to the character of action set forth in the complaint.

The demurrer should have been overruled on all points presented. The judgment is therefore reversed and the cause remanded, for further proceedings in conformity with the views herein expressed.

*Reversed and Remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.

Decided April 1, A. D. 1912. Rehearing denied June 3, A. D. 1912.