Cunningham, Judge.
Brown, the appellee, filed his bill in the district court on July 5th, 1909, to quiet title to certain lands, designing his title thereto as follows: Sale by the treasurer of Montezuma County, 1895, for unpaid taxes, and a deed issued thereon August 9,1899, to one Bauer; a deed from the heirs of Bauer, dated September, 1905. The complaint avérs exclusive possession by the. plaintiff and Bauer for more than ten years. The complaint further avers a trust deed executed by Stone, then owner of the premises, to William IT. Wells, as trustee for appellant, E. T. Wells, dated April 15, 1890, and a second trust deed executed by the said Stone to Gfalbreath, as trustee for the Sehutt Mercantile Company, dated 1891. Appellant demurred for misjoinder of parties defendant, and the •demurrer being overruled, answered, first admitting plaintiff’s possession, his claim under Bauer, and Bauer’s claim under the tax deed. Second, averring that the trust *191 deed of Stone to William H. Wells was filed for record by appellant April 18th, 1890; that Stone, the owner of the fee, surrendered possession of the premises to Bauer; that Bauer was in possession until his demise, and his heirs afterwards, until their conveyance to plaintiff; set up the statute of limitations (Sec. 2912, M. A. S.; 4073, R. S.). Third, that William H. Wells died intestate July 15th, 1893, leaving heirs, naming them, who are still in full life, and averring a defect of parties in this that the heirs of the said William H. Wells were not joined. A demurrer to the second and third grounds of the answer was sustained. Appellant stood upon his answer and offered no testimony. All of the defendants, save E. T. Wells, defaulted. Plaintiff offered testimony, and the findings of the trial court based thereon were for appellee, and a decree was rendered in his favor.
1. Appellant, in his brief filed in this cause, says:
“No assault is made upon, the deed (meaning the tax deed constituting appellee’s source of title) or the salé of which it was the consummation, nor the proceedings of the taxing officer which lead up to the sale. The deed, the sale and all antecedent proceedings are therefore presumptively regular.”
This being conceded by appellant, the tax deed vested in the grantee therein named paramount title, and extinguished the lien of the trust deed upon which appellant’s rights were based, quite as effectually as if the debt which the trust deed was given-to secure had been extinguished by payment. The trust deed, therefore, “became null and void, and was useless in the hands of appellant for any purpose; and as long as it was unreleased upon the record, it remained a mere cloud upon the title of appellee to be removed in a proper proceeding for that purpose.” Quinn v. Kellog, 4 Colo. App., 157-164; 35 Pac., 49.
*192 2. Defendant’s contention that the heirs of the late William H. Wells, the trustee named in the first deed of trust, ought to have been made defendants, cannot prevail. They may have been proper parties, but they were not necessary parties — 17 Enc. PI. & Pr., 296.
As was said in Mitchell v. Knott, 43 Colo., 138:
“This action was brought to quiet title against defendant [and others named in the complaint as co-defendants], and it is no concern of his that others might have outstanding titles which would constitute a cloud upon the title.”
It would not have been necessary to have joined William H. Wells as a party defendant, had he survived, since, under the ruling in Munson v. Marks, 52 Colo., 553; 124 Pac., 187, it is ruled that:
“Under our practice either the trustee or the beneficiary may maintain an action such as this [an action to remove cloud from title] and a recovery by either would be a bar to a right of action by the other. The beneficiary is clearly the real party in interest, the trustee holding merely the naked legal title, and since this is so, the conclusion is irresistible that the cestui que trust may maintain a suit to protect his rights when invaded.”
And, of course, if the cestui qv,e trust may maintain an action to protect his rights, then an action may be maintained against him when his equitable rights cease to exist and he holds but a naked legal title which constitutes a cloud upon another’s title.
3. Nor can appellant’s plea of the statute of limitations, set up in the second paragraph of his answer, be allowed. In Munson v. Marks, supra, it is held that Section 2912, M. A. S. — 4073 R. S., is distinctively a limitation upon personal actions and has no reference to, nor is it a limitation upon actions affecting realty only. In Quinn v. Kellog, supra, it is said that in Colorado:
*193 “We liave no statute which limits the time within which a party in possession shall proceed to remove a cloud from his title.”
Appellant, in his brief, complains of this announcement of the former court of appeals of this state, but since the filing of his brief, the supreme court of this state, in Munson v. Marks, supra, appears to have endorsed the doctrine laid down in the Quinn-Kellog case.
4. Appellant further contends that the trial court erred in overruling that ground of his demurrer which raised the question of a misjoinder of parties defendant, his argument in this behalf proceeding upon the theory that the two claimants under the trust deeds could not properly be united as parties defendant in plaintiff’s action to quiet title. This position is opposed by the following authorities:
Mills v. Buttrick, 4 Colo., 125, where the following language is used:
“A decree rendered upon a bill to which all adverse claimants were not made parties would still be good as between those who were parties thereto.”
Hammontree v. Lott, 40 Mich., 190; Alterauge v. Christiansen, 48 Mich., 60; 17 Enc. Pl. & Pr., 323; Carlson v. Curren, 93 Pac., 315.
In the last case, the supreme court of Washington rules that in an action to quiet title:
“The plaintiff may even make.all of the adverse claimants defendants, even though there should be no privity or connection between them.”
And the supreme court of Kentucky, in Kincaid v. McGowan, 88 Ken., 91; 4 S. W., 806; 13 L. R. A., 289, thus announces the rule:
“It seems clear that in an equitable action to quiet the title to land, independently of statutory authority, all of the adverse claimants, whether by independent titles *194 or not, may be joined as defendants. Indeed, as tbe object to be accomplished is the putting of all litigation about the title to rest, it is not only desirable, but proper, to make all adverse claimants defendants. ’ ’
Perceiving no error in the record prejudicial to the rights of the appellant, the judgment of the trial court is affirmed.

Affirmed.