King, J.,
delivered the opinion of the court.
July 20th, 1892, Michael Mahoney conveyed to his brother, John, one of the defendants in this case, the legal title to lots 39 and 40, block 22, Colfax Avenue Park Subdivision of the city of Denver, in trust. The conditions of the trust were expressed in a writing of even date with the deed, and provided that said John Mahoney should dispose of the lots to the best advantage, and, out of the proceeds, retain one-fifth thereof for his own úse, and pay one-fifth thereof to each the. father, mother, sister and another brother of the said donor, and trustee. The trust was never executed. November 19th, 1903, a treasurer’s tax deed was executed and delivered by which *287 said lots (with, others) were conveyed to ~W. C. Mitchell, pursuant to a tax sale made November 13th, 1900, for the unpaid taxes of 1899. This treasurer’s deed was recorded December 28th, 1903. Thereafter such title as Mitchell.received by. said deed vested by mesne conveyances in Eagan, one of the defendants, appellant herein. March 27th, 1909, the cestuis que trust above named, except said John Mahoney, commenced this action against the trustee, alleging the failure and refusal of the trustee, after repeated requests, to execute the trust; that plaintiffs were entitled to have the property partitioned among themselves, or disposed of as provided in the trust agreement, and the proceeds thereof divided; that the property was so situated that it could not be conveniently partitioned among the five persons interested, and prayed that the trust be executed, either by partition of the property, or a sale thereof, and division of the proceeds. Plaintiffs also alleged that the defendant, Eagan, claimed some interest or estate in said real-property adverse to plaintiffs, which was a cloud upon plaintiffs’ title and interest, and asked that said cloud be removed and the title quieted. To this complaint Eagan made answer admitting his claim, and alleging that he was the owner of said property in fee simple under and by virtue of the treasurer’s tax deed hereinbefore mentioned, and in aid thereof invokéd the bar of the five-year statute of limitations, namely, sec. 3904, Mills’ Ann. Stats. To this answer plaintiffs replied admitting the execution and record of the treasurer’s tax deed, but alleged that it was void for reasons appearing on its face, and aliunde. Thereafter the defendant, John Mahoney, made answer admitting all the allegations of plaintiffs’ complaint, and filed' cross-complaint against his co-defendant, Eagan, in which he set forth, in substance, all the allegations of plaintiffs’, complaint; that he held the legal title to the property in trust; that said Eagan claimed some interest under and *288 by virtue of tbe treasurer’s tax deed aforesaid; that said tax deed was void, and a cloud on his title, and asked that the same be removed. To this cross-complaint Eagan filed answer, alleging paramount title under said tax deed, denying its invalidity, and praying that he be declared to be .the owner of said premises in fee simple. All the pleadings allege or admit that the real estate in ■controversy was vacant and unoccupied at the time of the beginning of the suit. After the issues were made up the defendant, Eagan, filed supplemental answer alleging that since the said suit had begun he had taken actual possession of the lots, but, upon motion, this answer was stricken. Judgment was rendered in favor of plaintiffs upon their complaint, and in favor of the defendant, John Mahoney, upon his cross-complaint, ordering the execution of the trust, the sale of the property and division of the proceeds, and quieting the title as against the defendant, Eagan.
1. The first question raised by appellant is that plaintiffs had no interest in the real estate which constituted the trust fund, upon which a suit to quiet title or remove a cloud could be predicated. This claim is based on the terms of the trust in consequence of which it is asserted that the real estate, by the operation of the doctrine of equitable conversion, was immediately transmuted into personalty, and therefore plaintiffs, as beneficiaries of the trust, had no estate, legal or equitable, in the lots as realty, but in the proceeds only;.and that a suit to quiet title, brought under section 255 of the civil code, does not lie to that class of property.
As presented upon the facts of this case the question seems to be a novel one in this state, and we know of no decided case squarely in point. But we think the contention should "not be sustained. In the first place, the action is not brought under section 255 of the code, which applies only to a plaintiff in possession of realty, nor un *289 der any other provision of the code, as it was alleged that at and prior to the snit the lots were vacant and unoccupied. It has always been the law of this state, without the aid of statute, that a person claiming title to vacant and unoccupied lands may maintain an action to quiet the title or remove a cloud therefrom. — Lambert v. Murray, 52 Colo., 156, 120 Pac., 415. Again, if it be conceded that plaintiffs had no estate, legal or equitable, in the lots as realty, using the term ‘ ‘ estate, ’ ’ as sometimes limited, to mean real ownership, nevertheless we think they had such interest in the trust fund, although realty, the legal title to which was in the trustee, as to make them proper parties plaintiff in a suit to remove a cloud that would embarrass .if not make impossible the execution of the trust by sale of the property for a fair value, or if permitted to remain might, through operation of’ the statutes of limitation, extinguish the fund itself; and particularly when, as in this cáse, the trustee has failed and refused to act and a suit has become necessary to enforce the trust. But, even if the equitable interest of the cestuis que trust is in personal property, a suit to remove a cloud from their title to such personalty may be maintained. Although authority to the contrary is found, it is so held by other, and we think better, authority. — Pomeroy’s Code Remedies, 4th ed., sec. 266; Earle v. Maxwell et al., 86 S. C., 1, 67 S. E., 962; Magnuson v. Clithero, 101 Wis., 551, 77 N. W., 882; Sherman v. Fitch, 98 Mass., 59; Neiv York & New Haven R. R. Co. v. Schuyler and Others, 17 N. Y., 592. It must be evident that, in this case, any. distinction between real and personal property is purely artificial, and to make it would tend to hinder the practical administration of justice. Moreover, the doctrine of conversion is a creation or invention of equity jurisprudence applied for the purpose of effectuating the intention of the donor of a trust, not to defeat it; and its effects extend only to those persons who claim prop *290 erty through the same source of title as the trustee or beneficiary, or through the same instrument, or directly from or under the author of the instrument. It cannot be invoked by the appellant here who claims paramount title from another source, which, if good, extinguishes the trust estate. — Pomeroy’s Equity Jurisprudence, 3rd ed., sec. 1166, and cases cited.
Notwithstanding the fact that the trustee might and should have brought suit to quiet the title or remove the cloud, nevertheless it is manifestly unreasonable to insist that, as a condition precedent to plaintiffs’ right to sue, they must show a demand upon and refusal of the trustee to so move, when the trustee has evaded or neglected performance of his duties and for that reason is a necessary party defendant to this proceeding for the judicial enforcement of the trust. With or without joining the trustee, plaintiffs were proper parties to this branch of the suit. — Munson v. Marks, 52 Colo., 553, 124 Pac., 182. But if there should be any question as to that ruling, by the filing of the cross-complaint all necessary and proper parties were in court praying that title be quieted.
2. Counsel’s claim that the defendant Mahoney’s cross-bill or cross-complaint cannot be sustained as a cause of action against the defendant, Eagan, for the purpose of quieting title as against him, because the same is not defensive, and therefore not a counter-claim such ■as the code provides, cannot be upheld. The counterclaim or cross-complaint mentioned in sections 56 and 57, Mills’ Ann. Code, is. equivalent to a cross-bill in equity practice. — Allen v. Tritch, 5 Colo., 222; Travelers’ Ins. Co. v. Redfield, 6 Colo. App., 190, 40 Pac., 195. The proceedings herein are equitable in character, and instances of cross-bills in equity by one defendant against a co-defendant are numerous. The fact- that the affirmative relief sought by this cross-complaint is in the nature of an original bill, seeking the court’s aid beyond the pur *291 poses of defense, to the original complaint, does not make the plea obnoxious to the provisions of the code concerning counter-claims. — Crisman v. Heiderer, 5 Colo., 589. The relief prayed for in the cross-complaint was- the same in part as that in the original complaint, and necessary to a complete determination of the matters in litigation, and the plea was therefore permissible under the code, even as against a co-defendant in the action. — Derbyshire v. Jones, 94 Va., 140, 26 S. E., 416; Whittemore v. Patten, 84 Fed., 51; Perkins Oil Co. v. Eberhart, 107 Tenn., 409, 64 S. W., 760; Krueger v. Ferry, 41 N. J. Eq., 432, 5 Atl., 452. Furthermore, the defendant, Eagan, answered both the complaint and the cross-complaint, setting up affirmatively his own title and asking that it be quieted, and he may not now be heard to successfully deny the right and duty of the court to make a complete determination of the questions at issue.
3. Error is assigned because of the admission in evidence of a certified copy of the record of the deed from Michael Mahoney to John Mahoney, instead of the original deed, it being asserted that there was not sufficient proof under section 695, Revised Statutes of 1908, which provides that certified copies of the record of deeds of this character “may, upon affidavit of the party desiring to use the same, that the original thereof is not in his possession or power to produce, be read in evidence with like effect as the original of such deed. ” It is shown in the deposition of John Mahoney that he saw the deed executed, received the same and recorded it, and that it was thereafter lost. This was a sufficient showing to admit the certified copy, when offered by the cross-complainant. Objection was also made, for the same reason, to the admission of a certified copy of the record of. another deed offered by plaintiffs, and in the absence.of any showing, by affidavit or otherwise, to excuse the production of the original, it was admitted. If it be granted *292 that this was error, nevertheless we think it was not prejudicial for the reason that.upon subsequent offer of the same certified copies by the defendant, John Mahoney, in support of his cross-complaint, the deed was received in evidence without objection. The evidence showed that long prior to the inception of the tax title, Michael Ma-honey, in possession of the lots in question as owner thereof, made his warranty deed purporting to convey the same in fee to his brother, John. This was prima facie proof of ownership, and sufficient to put the appellant upon proof of his title under his alleged tax deed.— Mitchell v. Titus, 33 Colo., 385, 180 Pac., 1042.
4. The next question to be determined, and the only substantial question affecting the merits of the case, and upon which its final determination must rest, is as to the validity of the treasurer’s tax deed. This deed, upon its face, conveys a number of non-contiguous town lots, for a gross sum, without specifying the amount for which any of the said separate tracts were assessed or sold. It contains no recitation that notice of intention to take out the deed was given, nor that the lots herein in litigation, or. any or all the lots described in the deed, were assessed for. a sum less than $250, and therefore does not show a compliance with the provisions of the statute necessary to confer power upon the county treasurer to execute the deed. — Treasury T. M. & R. Co. v. Gregory, 38 Colo., 212, 88 Pac., 445; Richards v. Beggs, 31 Colo., 186, 72 Pac., 1077; Mitchell v. Trowbridge, 47 Colo., 6, 105 Pac., 878. Under the decision of this court in Vanderpan v. Pelton, 22 Colo. App., 357, 123 Pac., 960, we think the deed may be held void upon its face. But if conceded to be valid upon its face, it must be held invalid because the affidavit of publication of the notice of tax sale pursuant to which the treasurer’s deed was executed and delivered, fails to show (1) that a copy of the notice of said tax sale was published in the manner or for the time provided by *293 law, and (2) fails to show that copies of each number of the paper in which the notice and list were claimed to have been published, were delivered by carriers or transmitted by mail to each subscriber, according to the accustomed mode of business of the office. It states only that copies of the paper containing the list, and copies of one publication of the paper containing the notice, were delivered to' each subscriber in Arapahoe county. A sale based on such affidavit is invalid. — Rustin v. Merchants’ & M. T. Co., 23 Colo., 351, 47 Pac., 300; Charlton v. Kelly, 24 Colo., 273, 50 Pac., 1042; Lambert v. Shumway, 36 Colo., 350, 85 Pac., 89; Mitchell v. Knott, 43 Colo., 135, 95 Pac., 335.
The collector of rare specimens of legal documents searching in this jurisdiction for a valid tax deed will need to make diligent inquiry. The holder of a tax deed may, however, for the present, rely with confidence upon the belief that his deed affords security for any repayment of the taxes as a condition precedent to the cancellation of his deed, unless haply, as in this case, through inadvertence or otherwise, he fail to offer proof of the amount of taxes paid. Plaintiffs offered to do-equity by making repayment, if advised as to the sum required, but appellant offered no proof, and this court cannot supply the deficiency nor reverse the judgment in order to provide an opportunity for the defendant to make the showing that he declined to make upon the trial. — Eaches v. Johnson, 46 Colo., 457, 104 Pac., 940; Empire R. & C. Co. v. Lanning, 49 Colo., 458, 113 Pac., 491; McCracken v. Cones, 53 Colo., 321, 125 Pac., 497.
5. The plea of the five-year statute of limitations above referred to cannot operate as a bar in an action to quiet title or remove a cloud. — Munson v. Marks, 52 Colo., 553, 124 Pac., 187; Empire R. & C. Co. v. Mason, 22 Colo. App., 612, 126 Pac., 1129.
For the reasons given the judgment is affirmed.