[No. 3899.]

## JONES v. EMPIRE RANCH & CATTLE COMPANY.

1. TAX TITLES—*Void Deed.* A treasurer's deed executed upon a sale to the county, which fails to show the day upon which the lands were sold, is void, *e. g.*, a deed deciding only that the treasurer, at a tax sale "begun and held on the first day of October, etc., did expose to sale," etc.

2. TRIALS—*Pleading and Evidence.* A deed offered only as color of title does not support an allegation of title in fee.

3. PLEADING—*General Denial.* Under a general denial of the title asserted by plaintiff, in an action to quiet title, accompanied by an allegation of title in fee, the defendant may assail the validity of a tax deed offered by plaintiff.

4. LIMITATIONS—*The Five Years' Statute*, is not set in course by a void deed, and is not available to defendant in an action to quiet title. (Rev. Stat., sec. 5733.)

5. APPEALS—*Judgment.* Action to quiet title to lands. Judgment below for plaintiff was reversed, and the cause remanded with directions to enter judgment for defendant, on condition that he pay to plaintiff all taxes, interest and penalties found to be due.

*Error to Denver District Court.* HON. HUBERT L. SHAT-TUCK, Judge.

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Mr. R. H. GILMORE, for defendant in error.

HURLBUT, J., rendered the opinion of the court.

June 8, 1908, appellee (plaintiff below) filed its complaint against many defendants, to quiet title to lands in

Yuma County. Appellant Jones succeeded to the title of defendant Susan Turpin, and by permission of court filed his answer therein denying all the allegations of the complaint, and alleging fee simple title in himself to a portion of the lands described in the complaint. The answer further alleged, by way of affirmative defense, that plaintiff's title to the premises was founded upon two tax deeds issued by the county treasurer and duly recorded; the first being dated October 21, 1903 (date of record not stated), but alleged to be void on its face; the second dated March 25 (24), 1908, (date of record not stated), and alleged to be void on its face, or, if fair on its face, void in fact, for reasons therein stated; the prayer being for specific as well as for general equitable relief. This last tax deed is alleged to be a correction deed of the one first mentioned. Plaintiff, by replication, puts in issue the affirmative allegations of the answer, pleads the five years statute of limitations (Mills' Annotated Statutes, sec. 3904), and admits that its title is founded upon the two tax deeds mentioned. The case was tried to the court without a jury. Judgment was rendered in favor of plaintiff, to which a writ of error was sued out in the supreme court, the cause being properly here under the legislative act of 1911 (Session Laws 1911, page 266 *et seq.*).

While a number of assigned errors are urged by appellant, the second assignment of error only need be seriously considered, as it is decisive of this case. Other assignments will be briefly noticed in this opinion. This second assignment pertains to the ruling of the trial court in admitting in evidence, over defendant's objection, the tax deed of March 25. When this deed was offered in evidence defendant objected to its introduction because, as stated, it was void on its face, and was wholly void and insufficient in this, to-wit: That it is not therein stated any time when the property was ex-

posed for sale; that it is not in conformity to the form
of a tax deed prescribed by the statute; and that it omits
a recital of the date of the exposure of the premises for
sale. That part of the deed necessary to notice reads
as follows:

"Know all men by these presents, that whereas the
following described property, to-wit: (describing prop-
erty) situated in the county of Yuma and state of Colo-
rado, was subject to taxation for the year A. D. 1899;
and, whereas, the taxes assessed upon said real prop-
erty for the year aforesaid, remained due and unpaid at
the date of the sale hereinafter named; and, whereas,
the treasurer of said county did, in pursuance of a notice
of sale of the said real property duly published and
posted according to law, by virtue of the authority vested
in him by law, at tax sale the sale begun and publicly
held on the 1st day of October, A. D. 1900, expose to
public sale at the office of the county treasurer in the
county aforesaid, in substantial conformity with the
requirements of the statute in such case made and pro-
vided, the real property above described," etc.

It will be observed that the recital quoted does not
pretend to state the date upon which the treasurer ex-
posed and offered the property for sale. The only date
mentioned in that behalf was that of October 1, 1900, that
date being given as the time when the sale began. The
county became the purchaser of the premises at the sale.

It has been repeatedly held by our supreme court
that a tax deed which shows the property to have been
bid in by the county must specifically recite the day on
which the county purchased the same, and in addition, a
prior date upon which it was exposed and offered for
sale, and, if wanting in these respects, the deed is void
on its face.—*Bryant v. Miller*, 48 Colo., 192, 109 Pac.,
959. Testing this deed by the case just cited, it will at
once be seen that it is void on its face, for the reason

that it does not appear from the recital that the premises were exposed and offered for sale on two separate and distinct days, which is the only condition upon which can be predicated a valid purchase of the premises by the county. The recital clearly shows that the premises were purchased by the county in violation of the provisions of the statute. Hence, the court erred in not sustaining defendant's objection, and excluding the deed from evidence. As this deed was erroneously admitted in evidence, and as the tax deed of October 21st was not offered in evidence by appellee as a muniment of title in support of his claim of ownership, but only as color of title, he wholly failed in proof of the title which he had pleaded in his complaint. Defendant, having denied plaintiff's title in his answer, and having proven his fee simple title as pleaded, was entitled to judgment and the relief prayed for in his answer.

Appellee urges in its brief that defendant could not challenge the validity of plaintiff's tax deed of March 25th because he had not in his answer denied plaintiff's title, but claimed that in his effort to do so he had only pleaded conclusions of law and facts. This contention is not tenable. Defendant's answer, by general denial, put in issue all the allegations of the complaint and then alleged fee simple title in himself to the disputed premises by virtue of a patent from the government to his grantor Susan Turpin, followed by a deed from her to himself. This is all that is necessary, in this kind of an action, for defendant to plead, in order to introduce documents in support of his title so pleaded.—*Millage v. Richards,* 52 Colo., 512, 122 Pac., 788.

It was clearly error for the trial court to rule that the said five years statute of limitations was available to plaintiff as a defense against defendant's pleaded title. In *Gomer v. Chaffee,* 6 Colo., 314, and *Page v. Gillett,* 47 Colo., 289, 107 Pac., 290, it was held that a tax deed void

on its face does not set in motion the said statute; and it is further held by the supreme court that such statute is not available as a defense in this kind of an action.— *Munson v. Marks,* 52 Colo., 553, 124 Pac., 187; *Carnahan v. Hughes,* 53 Colo., 318, 125 Pac., 116; *Empire R. & C. Co. v. Mason,* 22 Colo. App., 612, 126 Pac., 1129.

There are some other points relied on by defendant in error to sustain the judgment before us, which we deem unnecessary to consider. The judgment will be reversed and the cause remanded to the district court, with instructions to enter a decree in favor of plaintiff in error, conditioned upon payment by him to defendant in error of all taxes, interest and penalties, that may be found upon proof to be due.

*Reversed and Remanded with Instructions.*