[No. 3923.]

WATKINS, RECEIVER, V. PERRY ET AL.

1. PARTIES—*Indispensable.* A decree foreclosing a mortgage is not rendered void by the failure to bring in a junior mortgagee.

2. CONSPIRACY—*Agreement to Do What Is Lawful,* though with a sinister purpose, is not unlawful, nor is what is done, pursuant to such agreement, void.

3. SUMMONS—*Publication,* upon an affidavit which fails to state either the defendant's postoffice address, or that it is unknown, is not a compliance with the statute, and a judgment by default thereon is void as to the defendant upon whom service is so attempted.

4. JUDGMENT—*Relief in Equity.* A decree of foreclosure rendered against the trustee in a deed of trust of lands, without service upon such trustee, may be vacated by an equitable action in the nature of a bill to remove a cloud upon title. *Semble,* a bill to redeem from a former mortgage foreclosed in such irregular proceeding would have been the better action, because affording full relief and a complete remedy.

5. PUBLIC TRUSTEE—*Nature of the Office.* The office of public trustee is distinct from that of county treasurer. A complaint against the county treasurer, by that title only, with the addition of "trustee," nowhere naming him as public trustee, does not make the public trustee party.

6. PARTIES—*Mortgage Foreclosure—Redemption.* A creditor, for whose security lands are conveyed to the public trustee, may defend a suit for

the foreclosure of the deed of trust, or may prosecute a suit to redeem from a prior encumbrance.

*Error to Adams District Court.* HON. CHARLES McCALL, Judge.

Mr. R. A. CROSSMAN, for plaintiff in error.

Mr. JOHN H. DENISON, for defendant in error Perry.

Mr. B. C. HILLIARD, Mr. J. R. ALLPHIN, for defendant in error Strauss.

KING, J., delivered the opinion of the court.

February 21, 1907, the plaintiff, as receiver of the Home Co-operative Company and of W. B. Sullivan, filed his bill in equity, asking that a foreclosure decree entered by the district court of Adams county September 15, 1905, in a proceeding there pending, in which defendant Perry was plaintiff and defendant Strauss and her husband and W. B. Sullivan were defendants, be vacated and set aside, and that the sheriff's sale and sheriff's deed made pursuant to said decree be held for naught. W. B. Sullivan was the beneficiary named in a deed of trust which was junior to the mortgage foreclosed. The complaint alleged that the decree of foreclosure was rendered without first obtaining service of summons upon said Sullivan, and is therefore void, and that the decree was obtained by fraud practiced upon Sullivan by the plaintiff and defendant Strauss, in that proceeding, and for that reason is void. Defendants offered no evidence. On the conclusion of plaintiff's testimony, a motion for nonsuit was sustained.

The pleadings and evidence taken together show that about November 10, 1903, Mary M. Strauss, defendant in this suit, through some agreement made for her by the Home Co-operative Company with Mary A. Perry, also a defendant, became the purchaser of certain real estate in Aurora, Adams County, Colorado, of which Perry was

the record owner; that the purchase price to be paid to
Perry was four thousand dollars, of which the first instal-
ment of one hundred dollars was paid by the company
at the time the contract was made; the land was conveyed
to Strauss, who gave her promissory note for three thou-
sand nine hundred dollars, payable to Perry in monthly
installments of one hundred dollars each, with interest
at six per cent per annum payable semi-annually, and, to
secure the payment of the note, gave her mortgage on the
real estate purchased; the note and mortgage were dated
November 10, 1903; at the same date Strauss gave her
promissory note, whereby she agreed to pay to the order
of W. B. Sullivan twenty-one dollars and twenty cents
per month on the tenth day of each month for thirty con-
secutive years, according to the terms of a contract there-
tofore made between Strauss and the Home Co-operative
Company, and, to secure the payment of said note, gave
her deed of trust, whereby she conveyed to the public
trustee of Adams county the same real estate described
in the mortgage aforesaid; this deed of trust was re-
corded November 14th, junior to the mortgage lien. For
some reason not clearly disclosed by the evidence—but
presumably under the contract between Strauss and the
Home Co-operative Company—that company paid to
Perry, as they fell due, the first seventeen monthly instal-
ments of one hundred dollars each secured by the first
mortgage, but the two payments which fell due, respect-
ively, April 25th and May 25th, besides certain interest,
were unpaid on June 5th when Perry, by the issuance of
summons, began proceedings to foreclose her mortgage.
She named as defendants Strauss, Sullivan and George
M. Griffin, "County Treasurer of Adams County, Trus-
tee." On the day the writ issued, Strauss and her hus-
band acknowledged service of the summons, and after ten
days the sheriff returned the same as served upon
"George M. Griffin," and further certified that Sullivan

could not be found in said county. September 14th or 15th decree for foreclosure was rendered, in which it was recited that personal service had been made on ''George M. Griffin, County Treasurer, as Trustee,'' and service made upon W. B. Sullivan by publication; that all defendants made default, and, among other things, provided that all the right, title and interest of the defendants or either of them in the said premises be. forever barred and foreclosed, and that any excess of selling price at execution sale, over the amount of judgment, be paid to Strauss.

1.   Plaintiff's contention that the foreclosure decree, as a whole, and as affecting Perry. and Strauss, as well as Sullivan and the public trustee, is void, cannot be sustained. The decree as between Perry and Strauss is not rendered void by reason of the fact that the junior mortgagee or subsequent grantee was not made a party to the suit or served with summons therein.—27 Cyc., 1587, and cases cited. But plaintiff also claims that the decree was rendered void because a conspiracy was entered into between Perry and Strauss to defraud the said Sullivan, and to defeat his interest or equity of redemption in the premises. The evidence tends to show, if it does not conclusively show, that such conspiracy in fact existed, but that fact alone would not defeat the foreclosure proceedings as affecting Perry and Strauss only. There was default in payment of the debt secured by the mortgage, by reason of which Perry had a lawful right to foreclose, and that right would not be affected by proof of an agreement or conspiracy to foreclose. An act which one may lawfully do will not be rendered unlawful or void by an agreement to do the act, although for a sinister purpose.—8 Cyc., 645.

2.   The pretended attempt to obtain service of summons upon Sullivan by publication failed. The affidavit upon which the order for publication of summons was

made failed to state the postoffice address of Sullivan, or that such postoffice address was unknown. Such failure rendered the order for publication and the attempted service by publication wholly void.—*Empire R. & C. Co. v. Coldren,* 51 Colo., 115, 117 Pac., 1005; *Empire R. & C. Co. v. Howell,* 22 Colo. App., 389, 125 Pac., 592. Inasmuch as summons was not served upon Sullivan, the beneficiary named in the deed of trust, the said decree, so far as it affected or purported to extinguish the interest or any right of said Sullivan in and to the said premises, was void, for want of jurisdiction. Sullivan was the owner of the equity of redemption. The first mortgage was a lien upon the real estate; but the public trustee of Adams County held the legal title of said premises as trustee for Sullivan. The decree, by its express terms, barred and foreclosed such equity of redemption, and purported to extinguish the legal title held by such public trustee, and while for want of jurisdiction the decree is void so far as it affects or purports to affect the interest of Sullivan, nevertheless, *prima facie* it extinguishes that right. The present suit is in the nature of an action to remove the cloud cast by the decree upon the title to the real estate, which is held as security for the beneficiary in said deed of trust, and upon his right of redemption, and as such may be maintained, although a suit to redeem from the first mortgage might also have been sustained, and perhaps would have been the better proceeding, as offering a complete and final remedy and settlement of the litigation.—*Munson v. Marks,* 52 Colo., 553, 124 Pac., 187; *Eagan v. Mahoney,* 24 Colo. App., 285, 134 Pac., 156. It is contended by defendant in error that, although service of summons was not made upon Sullivan, the public trustee was made a party to the suit and served with summons, and for that reason the court obtained jurisdiction to enter the decree as against both Sullivan and the trustee. We think that contention is

without merit. If it be conceded that the interests of the beneficiary can be concluded or affected by foreclosure proceedings to which he is not a party, by virtue of service upon the trustee in a deed of trust (which we do not decide), nevertheless we think that in this case the public trustee was not made a party to the suit, and there is no evidence that the public trustee was served with summons. In the caption of the summons and of the complaint, "George M. Griffin County Treasurer of Adams County Trustee" is named as a defendant; he is nowhere designated as public trustee. The office of public trustee is a distinct office from that of county treasurer. The fact that the county treasurer of Adams County may have been ex-officio public trustee does not make the office nor the officer the same. The sheriff's return upon the summons does not indicate that George M. Griffin, served as the defendant, was either county treasurer or public trustee. The words "County Treasurer of Adams County" annexed to the name "George M. Griffin" are mere *descriptio personae,* and wholly insufficient to make the public trustee a party to the suit. We hold that the public trustee named in the deed of trust as trustee was not a party to this suit, and not served with summons as such, and for that reason the decree, so far as it purports to extinguish the legal title held by the public trustee, or affect it, is void.

Defendant in error appears to take the position that neither Sullivan nor his assignee, the Home Co-operative Company, nor plaintiff as receiver of both Sullivan and said company, is owner of the equity of redemption. We do not agree with this contention. The public trustee, as trustee for Sullivan, held the legal title. Sullivan, as beneficiary in said deed of trust, was a subsequent encumbrancer, and by all the authorities, Sullivan and his assignees had the right to redeem from the first mortgage or to defend against the suit for foreclosure.—27 Cyc.,

1562, 1564, 1799, 1804, 1805; *Carpenter v. Brenham,* 40 Calif., 221.

The evidence upon the part of the plaintiff, unexplained by the defendants, raises a presumption that intentional fraud was practiced upon Sullivan by the plaintiff and defendant in the foreclosure proceedings, for the purpose of obtaining without his knowledge a decree which would extinguish his interest, and without a hearing or opportunity to protect himself, confiscate the amount which had been paid to Perry by the Home Co-operative Company of which Sullivan was the agent, and for that reason they cannot justly complain if the court leaves them in the position in which they placed themselves.

The judgment will be reversed and the cause remanded, with instructions to hold void and set aside the decree of foreclosure entered by said court, so far as it recites service of summons upon W. B. Sullivan and upon the public trustee of Adams County, trustee in the deed of trust herein mentioned; to set aside and vacate that portion of the decree purporting to bar and foreclose the right or interest of the said W. B. Sullivan or the public trustee in and to the premises described in the mortgage, and also that part which orders that any excess over Perry's claim be paid to Strauss; also to restore to plaintiff all rights held by Sullivan at the time suit was brought or by his assignee, and to grant a new trial to the plaintiff herein as to any other matters or things that may be properly made an issue, in conformity with the views herein expressed.

*Reversed and Remanded.*